OPINION *Page 2 
{¶ 1} Defendant-appellant Frank J. Castle appeals the Logan County Court of Common Pleas' decision to find him guilty of aggravated assault and sentence him to a 15-month prison term. For the reasons that follow, we affirm Castle's conviction and sentence.
 {¶ 2} On August 13, 2005, Matthew Jarvis checked I.D.'s at the front door of a local bar. Notably, an orange safety fence closed off a small construction area outside. Jarvis and an off-duty bar employee, James Abouaf, observed Castle hurdle the fence and run through the closed-off area. Jarvis told Castle to stay out of the area. Following an exchange, Jarvis and Abouaf told Castle he could not enter the bar, and they blocked the front door.
 {¶ 3} A fight ensued. Accounts differ as to who started it: Castle and others assert that Jarvis and Abouaf did; Jarvis, Abouaf, and others assert that Castle did. The fight quickly moved from the front door to the parking lot, where bar patrons separated Castle from Jarvis and Abouaf. Moments later, Castle maneuvered past the patrons, wound-up, and threw a handful of gravel at Jarvis and Abouaf from approximately four feet. Some of the gravel struck Jarvis in the right eye.
 {¶ 4} Jarvis subsequently sought medical attention at a local hospital. The hospital referred Jarvis to eye specialists at the Ohio State University, and Jarvis *Page 3 
underwent extensive medical procedures, including eye surgery. Despite medical efforts, the eye-trauma caused Jarvis to lose central vision in his right eye and rendered him legally blind in that eye.
 {¶ 5} A digital surveillance system captured the events at the bar. The system caught the confrontation at the front door, as well as much of what transpired in the parking lot. Due to an apparent technical problem, however, the surveillance video "blanked-out" for a few seconds before Castle threw the gravel. Castle claims that Abouaf attacked him during this unrecorded time, and that he threw the gravel in self-defense.
 {¶ 6} On November 8, 2005, the Logan County Grand Jury indicted Castle on one count of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony. Prior to trial, Castle requested jury instructions on the inferior-degree offense of aggravated assault, a violation of R.C. 2903.12(A)(1) and a fourth-degree felony, and the affirmative defense of self-defense.
 {¶ 7} The case proceeded to a two-day jury trial. The trial court instructed the jury on, among other things, felonious assault and aggravated assault; it refused to instruct the jury on self-defense. Thereafter, the jury found Castle not guilty of felonious assault but guilty of aggravated assault, and the trial court accepted the jury's verdict. The trial court sentenced Castle to a 15-month prison term and ordered him to pay $9,004.16 in restitution. *Page 4 
 {¶ 8} Castle now appeals to this court and sets forth five assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court committed an error of law by denying appellant's Criminal Rule 29 motion for aquittal [sic] based upon the state's failure to prove the essential element of knowingly [sic].
 {¶ 9} In his first assignment of error, Castle argues that the trial court committed plain error when it denied his Crim.R. 29(A) motion for a judgment of acquittal. Plain error exists, Castle argues, because no rational trier of fact could have found the prosecution proved a material element of felonious assault beyond a reasonable doubt; that he "knowingly" caused serious physical harm to Jarvis. R.C. 2903.11(A)(1).
 {¶ 10} A trial court, on a defendant's motion or its own motion, "after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses." Crim.R. 29(A). But, a trial court "shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt." State v. Bridgeman (1978), 55 Ohio St.2d 261, 263,9 O.O.3d 401, 381 N.E.2d 184. *Page 5 
 {¶ 11} We must view the foregoing standard in light of the sufficiency-of-the-evidence test. State v. Carter (1995),72 Ohio St.3d 545, 553-54, 651 N.E.2d 965. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1981),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, superseded on other grounds in State v. Smith (1997), 80 Ohio St.3d 89,103, 684 N.E.2d 668. When reviewing the sufficiency of the evidence to support a criminal conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.
 {¶ 12} If a defendant moves for a judgment of acquittal at the close of the prosecution's case-in-chief, and the trial court denies the motion, the defendant waives any error if the defendant presents evidence in his defense. State v. Brown (1993), 90 Ohio App.3d 674, 685,630 N.E.2d 397. To preserve a sufficiency challenge, the defendant must renew his motion for a judgment of acquittal at the close of all of the evidence. Id., citing Helmick v. Republic-Franklin Ins. Co. (1988),39 Ohio St.3d 71, 529 N.E.2d 464, paragraph one of the syllabus; see, also,Dayton v. Rogers (1979), 60 Ohio St.2d 162, 163, 14 O.O.3d 403, *Page 6 398 N.E.2d 781, overruled on other grounds in State v. Lazzaro (1996),76 Ohio St.3d 261, 266, 667 N.E.2d 384.
 {¶ 13} Here, Castle moved for a judgment of acquittal at the close of the prosecution's case-in-chief The trial court denied his request, and Castle presented evidence in his defense. Because Castle did not renew his motion, he waived all but plain error.
 {¶ 14} For plain error to apply, the trial court must have deviated from a legal rule, the error must have been an obvious defect in the proceeding, and the error must have affected a substantial right.State v. Barnes (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240. Under the plain-error standard, a defendant must demonstrate the outcome of his proceeding would clearly have been different but for the error.State v. Long (1978), 53 Ohio St.2d 91, 96-97, 7 O.O.3d 178,372 N.E.2d 804. We recognize plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id.
 {¶ 15} The felonious assault statute, R.C. 2903.11, provides in pertinent part: "(A) No person shall knowingly * * * (1) [c]ause serious physical harm to another * * *." R.C. 2903.11(A)(1). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). *Page 7 
 {¶ 16} As we noted, a digital surveillance system captured much of what transpired on video. At trial, the prosecution and defense counsel played portions of the video for the jury. Several witnesses discussed the video and provided contextual details.
 {¶ 17} We have reviewed the video. Frankly, it speaks for itself. The portion that captured what occurred in the parking lot shows Castle maneuver past several patrons, wind-up, and throw something at Jarvis and Abouaf from a distance of approximately four feet. It does not indicate that Jarvis or Abouaf moved toward Castle or provoked him.
 {¶ 18} We acknowledge that an apparent technical problem caused the video to "blank-out" for several seconds. Castle and others claim that, during this unrecorded time, Jarvis and Abouaf provoked him, and Abouaf attacked him. Castle therefore asserts that he threw the gravel at Jarvis and Abouaf in self-defense. In opposition, Jarvis, Abouaf, and others dispute Castle's claim, and we note that it is at odds with Abouaf s positioning in the video.
 {¶ 19} After reviewing the record, we conclude a rational trier of fact could have found that the essential elements of felonious assault were proven beyond a reasonable doubt. More specifically, we conclude a rational trier of fact could have found that Castle "knowingly" caused serious physical harm to Jarvis under R.C. 2903.11(A)(1) and 2901.22(B). The video supports our conclusions. *Page 8 
Accordingly, we cannot say that the trial court committed error, plain or otherwise, when it denied Castle's Crim.R. 29(A) motion, and we overrule Castle's first assignment of error.
 ASSIGNMENT OF ERROR NO. II The jury verdict is not supported by sufficient evidence and is against the manifest weight of the evidence.
 {¶ 20} In his second assignment of error, Castle argues that his conviction for aggravated assault is not supported by sufficient evidence. Castle also argues that his conviction is against the manifest weight of the evidence. As we discuss infra, Castle's arguments implicate different standards. See State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541.
 {¶ 21} Aggravated assault is an inferior-degree offense of felonious assault, not a lesser-included offense. State v. Deem (1988),40 Ohio St.3d 205, 210-11, 533 N.E.2d 294. The aggravated assault statute, R.C.2903.12, provides in pertinent part: "(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly: (1) [c]ause serious physical harm to another * * *." R.C. 2903.12(A)(1). The elements of felonious assault and aggravated assault are identical except that the latter includes mitigating factors, "sudden passion" or "rage" and "serious provocation." Id. *Page 9 
 {¶ 22} Castle argues that his conviction for aggravated assault is not supported by sufficient evidence. We set forth the sufficiency test when we analyzed and overruled Castle's first assignment of error. Notably, we concluded that a rational trier of fact could have found that the essential elements of felonious assault were proven beyond a reasonable doubt.
 {¶ 23} Applying the sufficiency test here, we conclude that a rational trier of fact could have also found that the essential elements ofaggravated assault were proven beyond a reasonable doubt. The record reflects that both parties introduced sufficient testimony and evidence regarding the mitigating factors.[1] For example, Castle and other witnesses testified that Jarvis and Abouaf provoked him, and that Abouaf attacked him. Accordingly, Castle's argument that his conviction is not supported by sufficient evidence lacks merit.
 {¶ 24} Castle also argues that his conviction for aggravated assault is against the manifest weight of the evidence. In determining whether a conviction is against the manifest weight of the evidence, we must examine the entire record, "`[weigh] the evidence and all reasonable inferences, consider the credibility of witnesses and [determine] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"Thompkins, *Page 10 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact is in a better position to observe a witness's demeanor and weigh the witness's credibility, we reserve those matters for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, 231, 39 O.O.2d 366, 227 N.E.2d 212.
 {¶ 25} At trial, the prosecution and defense counsel played portions of the surveillance video for the jury. Several witnesses discussed the video and provided contextual details. The pertinent portions of the video established that Castle acted "knowingly," and the prosecution presented evidence that the gravel Castle threw caused "serious physical harm" to Jarvis's right eye.
 {¶ 26} The parties also introduced testimony at trial regarding the mitigating factors, "sudden passion" or "rage" and "serious provocation." For example, Castle and other witnesses testified that Jarvis and Abouaf provoked him, and that Abouaf attacked him. In opposition, Jarvis and Abouaf admitted exchanging words with Castle. But, Jarvis and Abouaf testified that they did not provoke Castle and/or attack him. Other witnesses corroborated their testimony.
 {¶ 27} After reviewing the record, we cannot say the jury clearly lost its way and created such a manifest miscarriage of justice that Castle's conviction must be reversed and a new trial ordered. The parties presented ample testimony *Page 11 
and evidence at trial, and the jury could have concluded from that testimony and evidence that all of the elements of aggravated assault were proven beyond a reasonable doubt. See State v. Davis (Aug. 13, 1997), 3d Dist. No. 9-88-51, at *5, citing State v. Eskridge (1988),38 Ohio St.3d 56, 59, 526 N.E.2d 304. Thus, Castle's additional argument also lacks merit.
 {¶ 28} For these reasons, we overrule Castle's second assignment of error.
 ASSIGNMENT OF ERROR NO. III The trial court committed an error of law by denying appellant a mistrial after the state was permitted to introduce evidence that appellant had asserted his Fifth Amendment rights.
 {¶ 29} In his third assignment of error, Castle argues that the trial court erred when it denied his motion for a mistrial. A mistrial was warranted, Castle argues, because "the [s]tate was permitted within the first five (5) minutes of their case-in-chief to inquire as to whether [Castle] asserted his Fifth Amendment rights when being interrogated."
 {¶ 30} A trial court has discretion to deny a defendant's motion for a mistrial. State v. Iacona, 93 Ohio St.3d 83, 100, 752 N.E.2d 937, citingState v. Sage (1987), 31 Ohio St.3d 173, 182, 31 OBR 375,510 N.E.2d 343. As such, we will not disturb the trial court's decision on that issue absent an abuse of that discretion. Id. An abuse of discretion suggests a trial court's decision is *Page 12 
unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 31} Castle points to an exchange at trial between the prosecutor and a member of the Logan County Sherriff's Office, Sergeant Rob Bibart. That exchange provides in pertinent part:
 [Prosecutor]: At that point were you able to find Frank Castle that night?
 [Sergeant Bibart]: I could not — I did not locate him that night.
 [Prosecutor]: Okay. Did you eventually find him?
 [Sergeant Bibart]: I did. I located him a few days later at his place of employment.
 [Prosecutor]: Okay. Did he speak to you about the allegations?
 [Sergeant Bibart]: He spoke to me and said he was conferring with an attorney about it and was not going to make — obviously make a statement.
 [Defense Counsel]: I'm going to object. May we approach, judge?
(Emphasis added.) At that point, everyone conferred outside of the hearing of the jury. Defense counsel moved for a mistrial, and the trial court denied the request. Thereafter, the trial court sustained defense counsel's objection in open court and instructed the jury to disregard Sergeant Bibart's remark.
 {¶ 32} To bolster his argument, Castle cites State v. Leach,102 Ohio St.3d 135, 2004-Ohio-2147, 807 N.E.2d 335. There, the prosecution presented *Page 13 
testimony as substantive evidence of guilt that the defendant remained silent before police officers arrested him. Leach at ¶ 1. The prosecution also presented testimony as substantive evidence of guilt that the defendant asserted his right to counsel after police officers arrested him and read him his rights. Id. The appellate court reversed the trial court's decision to permit the testimony, and the Ohio Supreme Court affirmed. Id. In doing so, the court held "that the use of a defendant's pre-arrest silence as substantive evidence of guilt violates the Fifth Amendment," and "that the use of a defendant's post-arrest,post-Miranda invocation of his right to counsel as substantive evidence of guilt violates the Fourteenth Amendment." Id.
 {¶ 33} Castle also cites State v. Perez, 3d Dist. No. 4-03-49,2004-Ohio-4007. In that case, the prosecution presented testimony at trial as substantive evidence of guilt that a defendant asserted his right to counsel after police officers read him his rights but before they arrested him. Perez at ¶¶ 3, 15. The defendant objected, but the trial court permitted the testimony. Id. at ¶ 17. On appeal, this court reversed, holding that the trial court erred, and that the error did not constitute harmless error beyond a reasonable doubt. Id. at ¶¶ 15-21.
 {¶ 34} We believe that Leach and Perez are factually distinguishable and therefore inapplicable. Both cases involved a situation where the prosecution *Page 14 
presented testimony as substantive evidence of guilt. And, in both cases, the testimony was permitted.
 {¶ 35} This case presents a far different situation. Sergeant Bibart made a vague, isolated remark concerning Castle's decision to consult counsel. The trial court sustained defense counsel's objection and instructed the jury to disregard the remark. Nothing in the record indicates that the prosecution intentionally elicited the remark; that the remark equated silence with guilt; or that the remark harmed Castle in any way.
 {¶ 36} Under the circumstances, we cannot say that the trial court acted unreasonably, arbitrarily, or unconscionably when it denied Castle's motion for a mistrial. Simply put, a mistrial was not warranted. Accordingly, we conclude that the trial court did not abuse its discretion, and we overrule Castle's third assignment of error.
 ASSIGNMENT OF ERROR NO. IV The trial court committed an error of law by failing to instruct the jury as to self-defense.
 {¶ 37} In his fourth assignment of error, Castle argues that the trial court committed plain error when it refused to instruct the jury on the affirmative defense of self-defense. The trial court refused to do so because it found that Castle did not present sufficient evidence regarding the first element of the defense; that he did not create the situation. *Page 15 
 {¶ 38} As a threshold matter, we note defense counsel did not object to the trial court's refusal to instruct the jury on self-defense. Crim.R. 30(A) provides that "a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." Because Castle did not object, he waived all but plain error. We set forth the plain-error standard when we analyzed and overruled Castle's first assignment of error.
 {¶ 39} Nothing requires a trial court to instruct a jury on self-defense. "If the evidence adduced at trial is legally insufficient to raise the issue of self-defense, the court is not obligated to instruct the jury regarding this claim and has discretion to completely remove it from the jury's consideration." State v. Barnd (1993),85 Ohio App.3d 254, 259, 619 N.E.2d 518.
 {¶ 40} A defendant must prove the essential elements of self-defense by a preponderance of the evidence. R.C. 2901.05(A). To do so, he must establish that he did not create the situation; that he possessed a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape was through the use of force; and that he did not violate a duty to retreat or avoid the danger. See State v.Robbins (1979), 58 Ohio St.2d 74, 79-80, 12 O.O.3d 84, 388 N.E.2d 755. *Page 16 
 {¶ 41} We agree with the trial court that Castle did not present sufficient evidence to establish the first element of self-defense. Although Castle and others assert that Jarvis and Abouaf started the fight, the portion of the video that captured the initial confrontation establishes otherwise. It shows Castle physically charge into the bar through Jarvis and Abouaf, who blocked the front door.
 {¶ 42} Based on the foregoing, we conclude that the trial court did not err when it refused to instruct the jury on self-defense. And, in the alternative, even if we assumed that the trial court did err, we fail to see how the outcome of the proceeding would clearly have been different but for the error. Long, 53 Ohio St.2d at 96-97,372 N.E.2d 804. For these reasons, we overrule Castle's fourth assignment of error.
 ASSIGNMENT OF ERROR NO. V The sentence is contrary to law.
 {¶ 43} In his fifth assignment of error, Castle argues that his sentence is contrary to law because the trial court did not consider the purposes and principles of sentencing in R.C. 2929.11(A) and 2929.12(A). Castle also argues that his sentence is contrary to law because the trial court did not make findings regarding the seriousness and recidivism factors in R.C. 2929.12(B), (C), (D), and (E).
 {¶ 44} R.C. 2929.12(A) provides:
 Unless otherwise required by [R.C. 2929.12 or R.C. 2929.14], a court that imposes a sentence under this chapter upon an *Page 17 offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in [R.C. 2929.11]. In exercising that discretion, the court shall consider the facts set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
R.C. 2929.11(A) states that the "purposes and principles of sentencing" are to "protect the public from future crime by the offender" and to "punish the offender."
 {¶ 45} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, the Ohio Supreme Court altered Ohio's felony sentencing framework when it held certain statutory provisions requiring judicial fact-finding unconstitutional. As a result, trial courts maintain full discretion to impose a prison sentence within the statutory range, and nothing requires trial courts to make findings or give reasons for imposing maximum, consecutive, or more than the minimum sentences.Foster at ¶ 100. Trial courts must, however, still consider R.C. 2929.11
and 2929.12. State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855,846 N.E.2d 1, at ¶ 38.
 {¶ 46} Castle argues that the trial court did not consider the purposes and principles of sentencing in R.C. 2929.11(A) and 2929.12(A). But, the express language in the trial court's judgment entry provides: "The Court has considered *Page 18 
* * * the principles and purposes of sentencing under Ohio Revised Code§ 2929.11." (Emphasis added.) Thus, Castle's argument lacks merit.
 {¶ 47} Castle also argues that the trial court did not make findings regarding the seriousness and recidivism factors in R.C. 2929.12(B), (C), (D), and (E). It is undisputed, however, that the Ohio Supreme Court's decision in Foster applies here. That decision makes clear that nothing required the trial court to make findings when it sentenced Castle to a 15-month prison term.[2] Foster at ¶ 100. Regardless, the transcript of the sentencing hearing indicates that the trial court did, in fact, make findings; it specified Castle started the fight, had a criminal record, and lacked remorse. Therefore, Castle's additional argument also lacks merit.
 {¶ 48} For these reasons, we overrule Castle's fifth assignment of error.
 {¶ 49} Having found no prejudicial error in the particulars assigned and argued, we affirm Castle's conviction and sentence.
Judgment affirmed.
 ROGERS, P.J., and SHAW, J., concur.
[1] For purposes of clarity, we note that it was Castle's burden to prove the mitigating factors. State v. Powell, 3d Dist. No. 1-05-51,2006-Ohio-1778, at ¶ 14; see, also, State v. Rhodes (1992),63 Ohio St.3d 613, 590 N.E.2d 261.
[2] The statutory range for a fourth-degree felony offense is between six and eighteen months. R.C. 2929.14(A)(4). The trial court sentenced Castle to a prison term within that range. *Page 1