OPINION
{¶ 1} Defendant-appellant Jason A. Zamora ("Zamora") brings this appeal from the judgment of the Court of Common Pleas of Paulding County finding him guilty of aggravated assault.
 {¶ 2} On October 12, 2005, the Paulding County Police Department was dispatched on a domestic dispute call. The officers were notified that Zamora had punched his father, Julian Zamora ("Julian"), and had also punched Zamora's significant other, Christina Cavazos ("Cavazos") in the face. The officers noted a red mark and swelling under Julian's right eye. Additionally, the officers noticed blood coming from Cavazos left nostril, blood on the left side of her face, and swelling to the left side of her face. Cavazos was transported to a local hospital and diagnosed with a left nasal fracture.
 {¶ 3} On October 21, 2005, the Paulding County Grand Jury indicted Zamora on one count of felonious assault, a second degree felony. Zamora entered a plea of not guilty and the matter was set for a jury trial. On December 27, 2005, Zamora entered a guilty plea to aggravated assault, a fourth degree felony, pursuant to a negotiated plea agreement. The trial court accepted the guilty plea and immediately sentenced Zamora to 12 months in prison. The judgment entry was filed on January 9, 2006. On January 11, 2006, Zamora filed a motion to withdraw his guilty plea and to request an appeal. The motion to withdraw the plea was denied, but appellate counsel was appointed for Zamora. On February 2, 2006, Zamora filed his notice of appeal of the January 9, 2006, sentencing entry. Zamora raises the following assignment of error.
[Zamora] was denied effective assistance of counsel.
 {¶ 4} Zamora's sole assignment of error is that his counsel was ineffective. "Reversal of convictions on ineffective assistance of counsel requires the defendant to show `first that counsel's performance was deficient and, second that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.'" State v. Cassano,96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, at ¶ 105. The defendant must show that there was a reasonable probability that but for counsel's errors, the result of the trial would have been different. Id. at ¶ 108.
 {¶ 5} Zamora's argument is that his counsel was ineffective because the evidence did not support a conviction for felonious assault, as charged in the indictment, or for aggravated assault to which Zamora pled. Specifically, Zamora claims that there was no evidence of "serious physical harm" as defined by the statute. Before it can be determined whether counsel was ineffective, it must first be determined if the plea is valid. Zamora was charged with a second degree felony. He entered a guilty plea to a fourth degree felony. Since Zamora entered a guilty plea, he admits all of the allegations presented in the amended indictment and his guilt as to those allegations. Crim.R. 11. The indictment claimed that Zamora caused serious physical harm to Cavazos. There is no requirement that testimony be taken before accepting a guilty plea. Civ.R. 11(C)(4). The trial court fully complied with the requirements of Civil Rule 11. Thus, no evidence is presented that the plea was not knowingly, intelligently, and voluntarily entered.
 {¶ 6} Having determined that the plea is valid, the next question is whether counsel was ineffective. Zamora claims his attorney should not have advised him to accept the plea agreement because the evidence was insufficient to convict him. Since a negotiated plea of guilty was entered, there is no record to review to determine the sufficiency of the evidence. If Zamora's allegations in his brief are correct, he may have received bad advice, but that does not in and of itself rise to the level of ineffective assistance of counsel. Counsel negotiated a plea agreement which reduced the potential sentence from a maximum of eight years for a second degree felony to a maximum of 18 months for a fourth degree felony. Thus, counsel was not ineffective. The assignment of error is overruled.
 {¶ 7} The judgment of the Court of Common Pleas of Paulding County is affirmed.
Judgment Affirmed.
 Rogers and Cupp, J.J., concur.