OPINION
{¶ 1} Defendant-appellant Randall L. Webb appeals from the denial of his petition for post-conviction relief, without a hearing. In his petition, Webb contended that his trial counsel was ineffective for having failed to subpoena bank records and one live witness, an accountant, for a hearing on his motion to withdraw his guilty plea. We *Page 2 
conclude that Webb has failed to demonstrate that he was prejudiced by these failures. Specifically, Webb has failed to demonstrate that there is a reasonable likelihood that the outcome of the hearing on his motion to withdraw his plea would have been different if his trial counsel had subpoenaed bank records and the testimony of the accountant, whose written report was considered by the trial court. Other issues raised by Webb in this appeal, involving sentencing, were not the subject of his petition for post-conviction relief, and therefore may not be considered, for the first time, on appeal. Accordingly, the order of the trial court denying Webb's petition for post-conviction relief is Affirmed.
 I {¶ 2} In 2003, Webb was charged by indictment with one count of Theft, by deception, from an Elderly Person, a felony of the second degree under R.C. 2913.02(A)(3), (B)(3). After numerous continuances, the case was set for trial on June 1, 2005. On that date, a negotiated plea of guilty, with a protestation of innocence, was entered in accordance withNorth Carolina v. Alford (1970), 400 U.S. 25, 27 L.Ed.2d 162,91 S.Ct. 160, to the lesser-included offense of Theft, by deception, from an Elderly Person as a felony of the third degree. Sentencing was set for July 14, 2005.
 {¶ 3} The day before sentencing, Webb filed a motion to withdraw his plea. The trial court conducted an evidentiary hearing on Webb's motion on July 14, 2005, the day set for sentencing. Webb was the sole witness. Following the hearing, the trial court denied the motion, and proceeded to sentence Webb to two years in prison and restitution in the amount of $80,000.
 {¶ 4} Webb appealed, contending that the trial court had erred by denying his *Page 3 
motion to withdraw his plea. We affirmed. State v. Webb (July 7, 2006), Darke App. No. 1667.
 {¶ 5} Webb sought to re-open his appeal. We concluded that State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, required re-sentencing, and remanded for that limited purpose. On remand, the same sentence was imposed. An appeal is pending from that sentence.
 {¶ 6} Meanwhile, Webb filed the petition for post-conviction relief that is the subject of this appeal. In his petition, Webb asserts that his trial counsel was ineffective for having failed to subpoena bank records and the live testimony of an accountant, Robert Dowty, for the hearing on his motion to withdraw his plea. Dowty's written report was received in evidence at the hearing. The trial court denied Webb's petition for post-conviction relief, without a hearing. This appeal is taken from the order denying Webb's petition for post-conviction relief.
 II {¶ 7} Webb's First and Fifth assignments of error are as follows:
 {¶ 8} "THE DEFENDANT WAS DENIED HIS RIGHTS UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION BECAUSE OF THE TRIAL COUNSEL'S INEFFECTIVE REPRESENTATION AND CUMULATION OF ERRORS WHICH CAUSED THE DEFENDANT-APPELLANT AND HIS EFFORTS TO OBTAIN JUSTICE TO BE PREJUDICED.
 {¶ 9} "TRIAL COUNSEL [SIC] ERRED WHEN IT REFUSED TO ALLOW DEFENDANT-APPELLANT TO WITHDRAW HIS ALFORD PLEA PRIOR TO *Page 4 
SENTENCING AND DENYING THE DEFENDANT'S RIGHT OF DUE PROCESS."
 {¶ 10} From Webb's arguments in support of these assignments of error, it is apparent that they involve the same essential contention. He contends that his trial counsel was ineffective, at the hearing on his motion to withdraw his plea, for having failed to subpoena certain records of the bank at which he had his business account, and for having failed to subpoena an accountant, Robert Dowty, to testify at the hearing. Significantly, Dowty's written report was received in evidence at the hearing. Although Webb makes some other arguments in support of his Fifth Assignment of Error, these were not made in his petition for post-conviction relief, so they cannot be considered, for the first time, on appeal from the denial of his petition for post-conviction relief. Also, they are all arguments that could have been made, and should have been made, in Webb's direct appeal from his conviction and sentence, because they can be supported from the record of those proceedings.
 {¶ 11} Webb, an agent for ING Financial Services, was accused of having stolen $80,000 from an investor client. At the hearing on his motion to withdraw his plea, Webb asserted that information that he had recently uncovered from a file in his office indicated that monies had been improperly removed from his office account. He tendered a written report from Robert Dowty, an accountant, which was received in evidence, without objection. That report, in its entirety, is as follows:
 {¶ 12} "After reviewing the bank statements you provided us dated from June, 2001, through February, 2002, we noted some minor and major discrepancies and inconsistencies. The statements that you made available to us that you stated that were from the bank with the `copy' stamp on them did not have some of the information on *Page 5 
them that were on the `other' statements and vice versa.
 {¶ 13} "The statements from the bank showed $89,501.68 less in net deposits than on the `other' statements that were kept. There were also checks that were recorded on the statements directly from the bank that were not on your `other' statements. In addition to those checks, there were other checks that were recorded by the bank as a certain amount, but recorded on the `other' statements as another. We believe this was done to offset the deposits that were not recorded by the bank, since they were not made, to keep the balances at the end of the month relatively close.
 {¶ 14} "The `other' statements have been made up to conceal information. When reviewing these statements, the summary amounts do not always cross foot. The person or persons constructing these `other' statements did not review the work on the statements when finished. Also, from month to month, the present balance, or ending balance, does not always carry forward to the next month shown as the previous balance, or beginning balance, such as July, 2001.
 {¶ 15} "As of February, 2002, the difference between the statements showed $7,200.34 more than what was actually in the bank. We believe the person or persons responsible were trying to get the balances closer to match what was actually in the bank.
 {¶ 16} "We hope you find this information useful in your investigation. If you require any further help or analysis, please feel free to give as a call" (Telephone number redacted.)
 {¶ 17} At the conclusion of the hearing on the motion to withdraw Webb's plea, the trial court made the following observation: *Page 6 
 {¶ 18} "The Court finds that Defendant's Exhibit A doesn't change the basis for the Alford plea. The same defense theory exists. The accountant, I think, verifies what everybody would agree are the facts in the case, that money was in the wrong account. The accountant record does not point to any person who's responsible. So really there hasn't been any new evidence disclosed by the accountant's report that wasn't already part of what everybody would have agreed was the information available prior to the plea. It does maybe specifically define the amount of money not identified or stolen, if you will. But it doesn't point to any other particular person being involved."
 {¶ 19} To establish a claim of ineffective assistance of counsel, a petitioner or appellant must demonstrate not only that his trial counsel's performance fell below an objective standard of reasonable representation, but also that prejudice arises from that deficiency. In other words, the claimant must establish that there is a reasonable probability that, but for trial counsel's errors, the result of the proceeding would have been different. State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373.
 {¶ 20} At the conclusion of its written order denying Webb's petition for post-conviction relief, the trial court noted: "Further, the Court concludes that there has been no showing of prejudice to the Defendant, if indeed, any deficiencies existed. The Defendant has yet to establish that there was a viable defense or that the verdict would have been any different if the record had been provided and analyzed. See State v.Mong, 2005 Ohio App. LEXIS 1964 (Apr. 28, 2005). The Defendant has not provided any reliable evidence to support his position."
 {¶ 21} We agree with the trial court that Webb has failed to demonstrate that if his trial counsel had obtained bank records, and the live testimony of the accountant, *Page 7 
Dowty, the outcome of the hearing on his motion to withdraw his plea would likely have been different. The materials Webb has presented tend to establish irregularities in the accounts, but these are not inconsistent with his guilt of the offense to which he pled guilty.
 {¶ 22} Webb's First and Fifth assignments of error are overruled.
 III {¶ 23} Webb's Second, Third and Fourth assignments of error are as follows:
 {¶ 24} "THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM AND MAXIMUM PRISON TERM IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHT TO DUE PROCESS.
 {¶ 25} "THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM AND MAXIMUM PRISON TERM CONTRARY TO THE RULE OF LENITY.
 {¶ 26} "THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM AND MAXIMUM PRISON TERM CONTRARY TO THE INTENT OF THE OHIO LEGISLATORS."
 {¶ 27} These assignments of error are all addressed to the imposition of sentence. None of these arguments were brought to the attention of the trial court in support of Webb's petition for post-conviction relief, from which this appeal is taken. They cannot be raised, for the first time, on appeal. Accordingly, they are overruled.
 IV *Page 8 {¶ 28} All of Webb's assignments of error having been overruled, the judgment of the trial court is Affirmed.
 GRADY and DONOVAN, JJ., concur. *Page 1