OPINION
{¶ 1} The defendant-appellant, Jason A. Zamora, appeals the judgment of conviction and sentencing filed by the Paulding County Common Pleas Court, as well as the court's judgment denying his motion to withdraw his guilty plea. On appeal, Zamora contends that the prosecutor deviated from the terms of the negotiated plea agreement when he made a sentencing recommendation; that his trial counsel was ineffective; and that the trial court failed to consider the principles and purposes of felony sentencing. For the reasons expressed herein, we affirm the decision of the trial court.
 {¶ 2} On February 9, 2007, Zamora was indicted in Paulding County Common Pleas Court case number CR-07-515, which is before us as appellate number 11-07-04, on one count of forgery, a violation of R.C.2913.31(A)(3), a fifth-degree felony. At arraignment, Zamora pled not guilty. In that case, Zamora *Page 3 
took blank checks from his mother and wrote one check to each of three different people in the amount of $60 each. Two of the three checks were cashed.
 {¶ 3} On April 13, 2007, Zamora was indicted in Paulding County Common Pleas Court case number CR-07-526, which is before us as appellate number 11-07-05, on one count of escape, a violation of R.C.2921.34(A)(1), a third-degree felony, and one count of possession of cocaine, a violation of R.C. 2925.11(A)(1), (C)(4)(a), a fifth-degree felony. These charges stemmed from Zamora's violation of his bond provisions. After Zamora missed appointments with a probation officer and tested positive for cocaine use, the state moved to revoke his bond in CR-07-515. The court granted the motion and remanded Zamora to the custody of the Paulding County Sheriff. Zamora escaped from custody prior to booking at the county jail and returned to his apartment to check on his three children, who had been left home alone when his girlfriend went to work while he was still in court. Zamora apparently resisted law enforcement's efforts to take him into custody when they arrived at his apartment, but he was apprehended.
 {¶ 4} On April 17, 2007, the trial court held a change of plea hearing. During the hearing, the prosecutor read the negotiated plea agreement into the record. Zamora pled guilty on the forgery and escape charges, and the state dismissed the charge for possession of cocaine. After accepting Zamora's guilty *Page 4 
pleas, defense counsel made a statement in mitigation of sentence, and the state requested an aggregate sentence of four years in prison and restitution in the amount of $120 to First Federal Bank. The court reviewed a pre-sentence investigation and sentenced Zamora to a prison term of 12 months on the forgery charge to be served concurrently to a four-year prison term on the escape charge. The court also ordered Zamora to pay restitution of $120 and court costs.
 {¶ 5} On April 18, 2007, Zamora filed a pro se motion to withdraw his guilty pleas. In his motion, Zamora alleged that the "[p]rosecutor went outside the plea after I was asked [sic] I took the plea only to the NEGOTIATED plea. They did not follow[.]" (Mot. to Withdraw Guilty Plea, Apr. 18, 2007). On April 19, 2007, the trial court filed its judgment entry of conviction and sentence, and on April 26, 2007, the trial court filed its judgment entry denying Zamora's motion to withdraw his guilty plea without a hearing. Zamora appeals the judgments of the trial court, asserting four assignments of error for our review.
 First Assignment of Error The trial court erred when it denied Appellant's motion to withdraw his guilty plea without conducting an evidentiary hearing on the motion.
 Second Assignment of Error The trial court abused its discretion when it denied Appellant's motion to withdraw his guilty plea.
 Third Assignment of Error *Page 5 Appellant was denied the right to effective assistance of counsel and he was prejudiced as a result.
 Fourth Assignment of Error The trial court erred when it imposed more than the minimum sentence.
 {¶ 6} Because Zamora's first and second assignments of error are closely related, we will address them together. In the first assignment of error, Zamora contends the trial court erred when it denied his motion without first holding an evidentiary hearing. Zamora contends that the state's recommended sentence of four years in prison was outside the scope of the negotiated plea agreement. In the second assignment of error, Zamora argues that he met his burden of establishing a manifest injustice in that the prosecutor recommended a four-year prison term, and the negotiated plea did not include any agreement on sentencing recommendations. In response, the state alleges that both assignments of error are frivolous.
 {¶ 7} Crim.R. 32.1 provides, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Where, as here, a motion to withdraw guilty plea has been filed, the defendant bears the burden of establishing a manifest injustice.State v. Smith (1977), 49 Ohio St.2d 261, 264, *Page 6 361 N.E.2d 1324, citing United States v. Mainer (C.A.3, 1967), 383 F.2d 444. Although "manifest injustice" has been defined in various ways, this court has previously stated that a "manifest injustice" is a "clear or openly unjust act." State v. Leugers, 3d No. 1-05-90, 2006-Ohio-6928, at ¶ 9, citing State v. Walling, 3d Dist. No. 17-04-12, 2005-Ohio-428, at ¶ 6. Furthermore, a motion to withdraw guilty plea must be allowed "only in extraordinary cases." Smith, at 264, citing United States v.Semel (C.A. 4, 1965), 347 F.2d 228, certiorari denied 382 U.S. 840,86 S.Ct. 90, 15 L.Ed.2d 82, rehearing denied 382 U.S. 933, 86 S.Ct. 312,15 L.Ed.2d 346. "The standard rests upon practical considerations important to the proper administration of justice, and seeks to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment." Id., citing Kadwell v. United States (C.A.9, 1963), 315 F.2d 667, 670.
 {¶ 8} The trial court has broad discretion to grant or deny a motion to withdraw guilty plea, and the trial court has the duty to assess "good faith, credibility and weight of the movant's assertions in support of the motion * * * ." Id., citing United States v.Washington (C.A.3, 1965), 341 F.2d 277, certiorari denied 382 U.S. 850,86 S.Ct. 96, 15 L.Ed.2d 89, rehearing denied 382 U.S. 933, 86 S.Ct. 317,15 L.Ed.2d 346. An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, *Page 7 
219, 450 N.E.2d 1140, quoting State v. Adams (1980), 62 Ohio St.2d 151,157, 404 N.E.2d 144, internal citations omitted.
 {¶ 9} Furthermore, a trial court is not required to hold an evidentiary hearing "`"if the facts alleged by the defendant and accepted as true would require the court to permit [the] plea to be withdrawn."`" Leugers, at ¶ 15, quoting State v. Nathan (1995),99 Ohio App.3d 722, 725, 651 N.E.2d 1044, quoting State v. Hamed (1989),63 Ohio App.3d 5, 7, 577 N.E.2d 1111, citing State v. Blatnik (1984),17 Ohio App.3d 201, 478 N.E.2d 1016. The decision to hold an evidentiary hearing is also within the court's sole discretion. Id., citing Nathan, at 728.
 {¶ 10} In denying Zamora's motion, the trial court noted that it had reviewed the motion and the recording from the change of plea hearing. The court found that the state complied with the terms of the plea agreement and found no manifest injustice otherwise. (J. Entry, Apr. 26, 2007). Our review of the record leads us to the same conclusion.
 {¶ 11} In his motion, Zamora wrote:
 [t]here was a negotiated plea agreement between both parties. Court stated that and asked if I had anything threatened or promised besides plea agreement after court asked if I understood I said yes. [sic] Only cause I thought I understood the plea. Prosecutor went outside the plea after I was asked. I took the plea only to the NEGOTIATED plea. They did not follow so I pray to the court to withdrawl [sic] my plea. *Page 8 
(Mot. to Withdraw Guilty Plea). The plea agreement was not reduced to writing, but was read into the record by the prosecutor. When asked for the terms of the agreement, the prosecutor stated:
 Your Honor, it's my understanding in Case No. CR-07-526 the Defendant will be pleading guilty to COUNT I which is the escape, a felony of the third degree. Based upon the State moving to dismiss COUNT II of that Indictment.
 Regarding Case No. CR-07-515, which is a forgery charge, a felony of the fifth degree, that the Defendant will be pleading to that — or changing his formerly tendered plea of not guilty to the forgery charge, a felony of the fifth degree. Your Honor, in return the State would be recommending to the court that no PRC time be attached to the cases and that the COUNT I in 07-526 run concurrent with COUNT — the single COUNT CR-07-515. We would also be asking for restitution back to First Federal Bank in the amount of $120.00. And Your Honor, we would ask to dismiss COUNT II of CR-07-526 as part of that agreement.
(Hearing Tr., Jun. 21, 2007, 1-2).
 {¶ 12} First, Zamora's motion is facially deficient because it raises no factual basis for the withdrawal of his guilty pleas. See State v.Boshko (2000), 139 Ohio App.3d 827, 833, 745 N.E.2d 1111. Second, and more important to this case, the record does not indicate that the state would remain silent as to sentencing, and the agreement as read into the record was otherwise satisfied. The fact that the state subsequently recommended a prison term of four years during sentencing does not demonstrate that the state deviated from the plea agreement in any way. Since a plea agreement is a contract, to be construed strictly against the *Page 9 
state, the prosecutor is required to fulfill any promise or agreement of the state. State v. Namack, 7th Dist. No. 01BA 46, 2002-Ohio-5187, at ¶ 25, quoting State v. Butts (1996),112 Ohio App.3d 683, 686, 679 N.E.2d 1170; Santobello v. New York (1971), 404 U.S. 257,262, 92 S.Ct. 495, 30 L.Ed.2d 427; citing State v. Ford (Feb. 18, 1998), 4th Dist. No. 97 CA 32; United States v. Fitch (C.A.6, 2002), 282 F.3d 364, 367. "`When an allegation is made that a plea agreement has been broken, the defendant must merely show that the agreement was not fulfilled.'" Id., quoting State v. Legree (1988),61 Ohio App.3d 568, 571, 573 N.E.2d 687.
 {¶ 13} During Namack's change of plea hearing, the state agreed to "`not make any comments'" at sentencing. Id., at ¶ 29. However, the written plea agreement was signed two weeks after the hearing and indicated that the state would "`not make any specific recommendation and sentencing will be at the discretion of the trial court.'" Id. The court of appeals, relying on precedent from the Third Circuit Court of Appeals, determined that the state's promises amounted to two different and distinct promises. Id., at ¶ 29-30, quoting United States v.Miller (C.A.3 1977), 565 F.2d 1273, 1275 ("The difference between the two terms is elementary, for the promise not to recommend is narrow, speaking only as to the sentence to be imposed, whereas a promise to take no position speaks to no attempt at all to influence the defendant's sentence."). In this case, there are absolutely no facts in the record to show that the state made any promise to refrain *Page 10 
from arguing for or recommending a specific prison term. The record merely demonstrates that the state complied with the terms it read into the record, terms to which Zamora agreed. It appears that Zamora is simply unhappy with the sentence the trial court imposed; a sentence which Zamora was advised the trial court could impose for a third-degree felony (and to which he stated his understanding). On this record, we cannot find that the trial court abused its discretion when it failed to hold an evidentiary hearing or when it denied Zamora's motion. The first and second assignments of error are overruled.
 {¶ 14} In the third assignment of error, Zamora argues he was denied the effective assistance of trial counsel. Zamora contends that trial counsel was ineffective for failing to conduct an investigation on the escape charge, for failing to submit any evidence in mitigation of sentence, and for failing to clarify the plea agreement in regard to any sentencing recommendation. As in the first two assignments of error, the state simply contends that Zamora's assignment of error is frivolous.
 {¶ 15} To successfully prove a claim of ineffective assistance of counsel, a defendant must establish that counsel performed unreasonably under the circumstances and that the unreasonable performance prejudiced the defendant. State v. Kole, 92 Ohio St.3d 303, 306, 2001-Ohio-191,750 N.E.2d 148, citing Strickland v. Washington, (1984), 466 U.S. 668, 687,104 S.Ct. 2052, *Page 11 80 L.Ed.2d 674. Attorneys licensed in Ohio are presumed competent to represent their clients' interests. State v. Hoffman (1988), 129 Ohio App.3d 403,407, 717 N.E.2d 1149. Further, tactical or strategic decisions, even those which prove unsuccessful, do not substantiate a claim of ineffective assistance of counsel. State v. Garrett (1991),76 Ohio App.3d 57, 61, 600 N.E.2d 1130, abrogated on other grounds by State v.Delmonico, 11th Dist. No. 2003-A-0022, 2005-Ohio-2902.
 {¶ 16} Zamora's first argument is that trial counsel was deficient because he failed to investigate the circumstances surrounding the escape charge. However, even if counsel's representation on that charge was deficient, Zamora suffered no prejudice. Given the opportunity to speak on his own behalf concerning the escape charge, Zamora told the court:
 I was under a split second decision to check on my children. * * * I mean now I don't know what else to do in that situation as far as, I mean — Mr. Keween, I asked him to go over there and he said it would be after I got booked in to County Jail and that could have been hours before they sent someone over there. And I came here to Court at 2:30 and my fiancé was leaving to work at 3:00. I did not know my bond would be modified and I honestly thought I would be back. So they were home by themselves. So I was trying to get there just to see them and then I was going to turn myself — go right back to jail. * * * I was just in shock to where I'm sure if I (inaudible) at least a half hour or something to make sure the safety of my children were okay. And I would report to jail. But I was just in shock that day and I didn't speak up. *Page 12 
(Hearing Tr., at 11-12). Speaking on his client's behalf, trial counsel indicated that Zamora panicked because he was concerned about the welfare of his three children who were left home alone once his girlfriend left for work. (Id., at 9). While these statements perhaps explain Zamora's actions, there is nothing in the record that indicates Zamora had any legal defense to the charge. Furthermore, Zamora's appellate brief does not demonstrate what, if any, benefit an investigation would have had in this situation, nor does it provide any legal authority to support Zamora's argument. On this record, we cannot find that trial counsel's performance, even if we assume it was deficient, prejudiced the defendant. See generally State v. Loza (1994)71 Ohio St.3d 61, 83, 641 N.E.2d 1082, citing Strickland, at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed.").
 {¶ 17} In his second argument, Zamora contends trial counsel was ineffective for failing to call witnesses or offer other evidentiary proof of factors that would mitigate the sentence. As in his prior argument, Zamora has not set forth what, if any, evidence counsel could have presented in mitigation. Likewise, he has not cited any legal authority in favor of his proposition. Generally, the decision to call witnesses in mitigation of sentence is a tactical decision, and counsel's decision not to present witnesses and evidence, by itself, is insufficient *Page 13 
to prove a claim of ineffective assistance of counsel. State v.Jackson, 3d Dist. No. 1-04-31, 2004-Ohio-5350, at ¶ 14, citing State v.Johnson (1986), 24 Ohio St.3d 87, 91, 494 N.E.2d 1061; State v.Keith, 79 Ohio St.3d 514, 1997-Ohio-367, 684 N.E.2d 47. We also note counsel's detailed statement to the court in mitigation of sentence, wherein he told the court about Zamora's children being alone in the apartment and Zamora's poor decision-making. On this record, Zamora's argument is without merit.
 {¶ 18} In his final argument, Zamora contends trial counsel was ineffective because he failed to clarify the plea agreement, specifically, any mention of a sentencing recommendation. Zamora again argues that the state was bound to the agreement read into the record. However, he alleges that defense counsel had the duty to "clarify" the agreement concerning sentencing recommendations.
{¶ l9} As mentioned above, even if trial counsel's actions were deficient, Zamora has suffered no prejudice because the trial court is not restricted by a sentencing recommendation. McGhee, at¶ 24. Additionally, before he pled guilty, the trial court discussed the maximum penalties for each offense and asked Zamora if he understood. Zamora answered in the affirmative. On this record, we can find no prejudice to the defendant, even if counsel's actions fell below a reasonable standard. Zamora's final argument is not well taken, and the third assignment of error is overruled. *Page 14 
 {¶ 20} In the fourth assignment of error, Zamora asserts that the trial court was required to impose the minimum prison terms for each offense because it "failed to follow the purposes of felony sentencing set forth in Section 2929.11 of the Ohio Revised Code and the seriousness of the crime and recidivism factors set forth in Section2929.12 of the Ohio Revised Code." Zamora essentially contends that even if the court did consider the factors under R.C. 2929.11 and 2929.12, its conclusion was erroneous because applying the facts of this case, neither statute supports his sentence. As before, the state contends Zamora's assignment of error is frivolous.
 {¶ 21} The trial court's judgment entry expressly stated:
 WHEREUPON, the Court having considered the record, oral statements, the pre-sentence investigation prepared [in a prior case], and the principles and purposes of sentencing under Section 2929.11 of the Ohio Revised Code and having balanced the seriousness and recidivism factors under Section 2929.12 of the Ohio Revised Code finds that the Defendant is not amendable to rehabilitation through available community control sanctions.
(J. Entry, Apr. 19, 2007, at 2). Therefore, it is clear that the court did consider the factors under both statutes. See State v. Castle, 3d Dist. No. 8-06-27, 2007-Ohio-3599. Following the Supreme Court's holding in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, trial courts are no longer required to make specific findings during sentencing. Regardless, the record is clear that the court did give its reasons for its sentence. In particular, the court reviewed Zamora's *Page 15 
prior criminal record, including the offenses and his violations of post release control. (Hearing Trans., at 12-13). See generallyCastle, at ¶ 47. The court apparently gave great weight to the fact that Zamora had been out of prison for merely three months before he committed the forgery in CR-07-515. The court also considered the discussion with Zamora on the record, wherein Zamora admitted a cocaine addiction, the relationship between his addiction and the crimes he committed, and his request for assistance. (Id., at 15). On this record, we cannot find the trial court abused its discretion by sentencing Zamora to an aggregate prison term of four years. The fourth assignment of error is overruled.
 {¶ 22} The judgments of the Paulding County Common Pleas Court are affirmed in both cases.
Judgments affirmed.
 PRESTON, J., concurs. SHAW, J., dissents.