{¶ 1} Defendant-Appellant Nathan A. Graham ("Graham") appeals from the June 13, 2007 Judgment Entry of the Court of Common Pleas of Allen County, Ohio denying Graham's motion to withdraw guilty plea.
 {¶ 2} On January 14, 1999 an Allen County Grand Jury returned an indictment charging Graham with the following six counts: one count of trafficking in cocaine, a felony of the fourth degree in violation of R.C. 2925.03(A)(C)(4)(c); one count of trafficking in cocaine, a felony of the third degree in violation of R.C. 2925.03(A)(C)(4)(d); one count of trafficking in cocaine, a felony of the second degree in violation of R.C. 2925.03(A)(C)(4)(d); one count of possession of marijuana, a felony of the third degree in violation of R.C.2925.11(A)(C)(3)(d); one count of possession of cocaine, a felony of the fifth degree in violation of R.C. 2925.11(A)(C)(4)(a); and one count of unlawful possession of a dangerous ordnance, a felony of the fifth degree in violation of R.C. 292.317. The two possession charges also contained six year firearm specifications pursuant to R.C. 2941.114(A). Additionally, the cocaine possession charge contained a forfeiture specification relating to $1,305.00 in United States currency.
 {¶ 3} Graham initially pled not guilty to the charges contained in the indictment. However, at the March 11, 1999 pretrial, Graham withdrew his *Page 3 
original plea of not guilty and entered a negotiated plea of guilty. Pursuant to the negotiated plea, Graham pled guilty to the third degree felony trafficking in cocaine, the third degree felony possession of marijuana with the firearm specification, and the fifth degree felony of possession of cocaine with the firearm specification and forfeiture specification.
 {¶ 4} On April 23, 1999 the trial court sentenced Graham to an aggregate sentence of ten years in prison, of which six years was a mandatory sentence for the firearm specification. Graham was granted credit for 78 days already served.
 {¶ 5} On March 9, 2004 Graham filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. On March 10, 2004 the trial court issued a Judgment Entry denying Graham's motion to withdraw his guilty plea. Graham filed a timely notice of appeal of the March 10, 2004 Judgment Entry. On August 23, 2004 this court affirmed the trial court's denial of Graham's motion to withdraw his guilty plea. See State v.Graham, 3rd Dist. No. 1-04-27, 2004-Ohio-4397, appeal not allowed by State v. Graham (2005) 104 Ohio St.3d 1460, 821 N.E.2d 577.
 {¶ 6} On June 13, 2007 Graham filed a second motion to withdraw his guilty plea pursuant to Crim.R. 32.1. On that same date, the trial court issued a Judgment Entry denying Graham's motion to withdraw his guilty plea.
 {¶ 7} Graham now appeals, asserting three assignments of error. *Page 4 
 ASSIGNMENT OF ERROR NO. 1 THE DOCTRINE OF RES JUDICATA IS INVALID AS A BAR TO APPELLANT'S CRIM. R. 32.1 MOTION.
 ASSIGNMENT OF ERROR NO. 2 THE TRIAL COURT ERRED WHEN IT APPLIED AN IMPROPER INTERPRETATION OF "MANIFEST INJUSTICE" TO EFFECTUATE ITS DETERMINATION THAT APPELLANT'S SITUATION IS NOT AN EXTRAORDINARY CASE WARRANTING RELIEF PURSUANT TO CRIM. R. 32.1.
 ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S CRIM. R. 32.1 MOTION BECAUSE THE STATE'S WITHHOLDING, FORFEITING OR DESTROYING OF APPELLANT'S PROPERTY VIOLATES DUE PROCESS AND PROHIBITIONS AGAINST DOUBLE JEOPARDY UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 AND 16 OF THE OHIO CONSTITUTION.
 {¶ 8} In his three assignments of error, Graham alleges that the trial court erred in denying his motion to withdraw his guilty plea. For ease of discussion, we will address Graham's assignments of error together.
 {¶ 9} Crim. R. 32.1 governs the withdrawal of guilty pleas and provides as follows:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
 {¶ 10} "A trial court may grant a post-sentence motion to withdraw a guilty plea only to correct `manifest injustice.'" State v. Heath, 12[th] Dist. No. CA2006-03-036, *Page 5 2006-Ohio-7045, at ¶ 8, citing Crim. R. 32.1. A manifest injustice has been defined as a "clear or openly unjust act." State ex. Rel. Schneiderv. Kriener (1998), 83 Ohio St.3d 203, 208, 699 N.E.2d 83; State v.Walling 3[rd] Dist. No. 17-04-12, 2005-Ohio-428 at ¶ 6. Additionally, under the manifest injustice standard, "a postsentence withdrawal motion is allowable only in extraordinary cases." State v. Smith (1977), 49 Ohio St.2d 261, 264, 361 N.E.2d 1324. "The standard rests upon practical considerations important to the proper administration of justice, and seeks to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment." State v. Zamora, 3[rd] Dist. Nos. 11-07-04, 11-07-05, 2007-Ohio-6973 citing Smith, at 264, citingKadwell v. United States (C.A.9, 1963), 315 F.2d 667, 670.
 {¶ 11} A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. State v. Smith, supra, at paragraph one of the syllabus. A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court. Smith, at paragraph two of the syllabus. Accordingly, a reviewing court will not reverse a trial court's denial of a motion to withdraw a guilty plea absent an abuse of discretion.State v. Nathan (1995), 99 Ohio App.3d 722, 725, 651 N.E.2d 1044. An abuse of discretion *Page 6 
implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 12} On appeal, Graham argues that his guilty plea was contingent upon an agreement that all of his personal property not related to the crimes for which he was convicted be released and returned to him. However, Graham alleges that he was not aware that the Allen County Sheriffs Department had destroyed his property until after his plea, and thus, his plea was invalid.[1] Additionally, Graham argues that the trial court erred in finding that the doctrine of res judicata barred his motion to withdraw his guilty plea.
 {¶ 13} Our review of the trial court's June 13, 2007 Judgment Entry reveals that the trial court addressed the issue of res judicata and stated as follows: "[t]he Supreme Court of Ohio has stated that under the doctrine of res judicata, `a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" See June 13, 2007 Judgment Entry, citing Grava v.Parkman Twp. (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus. The trial *Page 7 
court also noted that res judicata bars issues that could have been raised, but were not, on direct appeal, in timely post-conviction petitions, or earlier motions to withdraw guilty pleas. Additionally, the trial court noted that Graham had previously filed a motion to withdraw his guilty plea.
 {¶ 14} However, we note that the trial court did not rely on the doctrine of res judicata in denying Graham's Crim.R. 32.1 motion. Instead, the trial court found that Graham had not met his burden of proving that a manifest injustice existed so as to set aside the judgment of conviction and permit Graham to withdraw his plea, nor had he demonstrated that this was an "extraordinary case."
 {¶ 15} Based on our review of the record, we find, as did the trial court, that Graham's arguments do not establish a "manifest injustice" under Crim.R. 32.1. Nor do any of Graham's additional arguments in his post-sentence motion otherwise demonstrate that a "manifest injustice" exists. Accordingly, we find that the trial court did not abuse its discretion when it held that Graham had not met his burden of proving that manifest injustice exists and did not otherwise demonstrate that this matter was an was an "extraordinary case" and dismissed Graham's motion to withdraw his guilty plea. *Page 7 
 {¶ 16} Therefore, Graham's three assignments of error are overruled and the judgment of the Allen County Court of Common Pleas is affirmed.
Judgment affirmed.
 WILLAMOWSKI and ROGERS, JJ., concur. r
[1] Graham also argues that he could not have raised this issue in his first motion to withdraw his guilty plea (See 3rd Dist. No. 1-04-27, 2004-Ohio-4397), and did not have standing to withdraw his guilty plea with respect to the property at issue until subsequent litigation attempting to recover his loss was resolved. *Page 1