OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} In cases 11-08-04 and 11-08-05, Defendant-Appellant, Jason A. Zamora, appeals the judgments of the Paulding County Court of Common Pleas denying his petitions for post-conviction relief. On appeal, Zamora asserts that the trial court failed to state findings of fact and conclusions of law when denying his petitions; that the trial judge was biased; that he was denied effective assistance of counsel; and, that the trial court lacked jurisdiction to charge him with escape. Based on the following, we affirm the judgments of the trial court.
 {¶ 3} In February 2007, in case no. 11-08-04[1], the Paulding County Grand Jury indicted Zamora on one count of forgery in violation of R.C. 2913.31(A)(3), a fifth degree felony. Prior to his indictment, Zamora had been arraigned and released on $5,000 bond. Shortly thereafter, the State moved to revoke his bond *Page 3 
because Zamora had missed several appointments with his probation officer and had tested positive for cocaine use.[2] The probation officer had met with Zamora and had informed him of the impending indictment for drug use and the court date for the new arraignment.
 {¶ 4} On February 28, 2007, a hearing was held on the motion to revoke bond, and Zamora's new bond was set at $50,000. The trial court remanded Zamora to the custody of the Paulding County Sheriff to be booked on the forgery charge. Zamora then escaped from custody and went to his apartment across from the courthouse where he was eventually apprehended. The trial judge and Zamora's attorney saw Zamora running from the courthouse. Zamora claims that he left to check on his three children (ages twelve, ten, and two), who were left home alone while he and his fiancé attended the hearing.[3]
 {¶ 5} In April 2007, in case no. 11-08-05[4], Zamora was indicted on one count of escape, a violation of R.C. 2921.34(A)(1), a third degree felony, and one count of possession of cocaine, in violation of R.C. 2925.11(A)(1)(C)(4)(a), a fifth degree felony. *Page 4 
 {¶ 6} Thereafter, a plea agreement was reached and read into the record. Zamora entered pleas of guilty to the forgery and escape charges, and the State dismissed the charge for possession of cocaine. The trial court sentenced Zamora to a prison term of twelve months on the forgery conviction to be served concurrently to a four-year prison term on the escape conviction, and also ordered Zamora to pay restitution and costs. The following day, Zamora filed a pro se motion to withdraw his guilty pleas. The trial court denied the motion without a hearing.
 {¶ 7} Zamora appealed the judgments of conviction and sentencing in the two cases. See State v. Zamora, 3d. Dist. Nos. 11-07-04 and 11-07-05, 2007-Ohio-6973. On his direct appeal, Zamora claimed that the trial court erred when it denied his motion to withdraw his guilty plea; when it failed to conduct an evidentiary hearing on the motion to withdraw; and, when it imposed more than the minimum sentences. Zamora also claimed he was denied the right to effective assistance of counsel. In December 2007, this Court overruled Zamora's four assignments of error and affirmed the judgments of the trial court. See id.
 {¶ 8} On November 9, 2007, while his appeal was pending, Zamora filed pro se petitions for post-conviction relief pursuant to R.C. 2153.21. In his petitions, Zamora claimed his convictions and sentences should be set aside because: (1) he had ineffective assistance of counsel because his attorney observed Zamora committing the "alleged escape;" (2) the trial judge should have *Page 5 
disqualified himself because he witnessed Zamora running from the courthouse; and, (3) the trial judge "committed an error of law" in "charging" him with a third degree felony instead of a fifth degree felony for the escape.
 {¶ 9} In February 2008, the trial court issued a judgment entry dismissing Zamora's petition without a hearing.
 {¶ 10} It is from this judgment that Zamora appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT ERRED IN DENYING [ZAMORA'S] POST-CONVICTION PETITION BY FAILING TO MAKE FINDINGS [sic] FACTS AND CONCLUSIONS OF LAW IN VIOLATION OF R.C. 2953.21(C).
 Assignment of Error No. II [ZAMORA'S] CONSTITUTIONAL RIGHTS TO DUEPROCESS AND A FAIR TRIAL WERE VIOLATED BECAUSE THE TRIAL JUDGE WAS BIASED AND PREJUDICED AND WAS NOT NEUTRAL AND DETACHED IN THE ESCAPE PROCEEDINGS AND ON THE POST-CONVICTION PETITION.
 Assignment of Error No. III [ZAMORA] WAS PREJUDICED AND DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL ON THE CHARGE OF ESCAPE.
 Assignment of Error No. IV THE TRIAL COURT VIOLATED [ZAMORA'S] CONSTITUTIONAL RIGHTS TO DUE PROCESS AND LACKED JURISDICTION TO INDICT CONVICT AND *Page 6 SENTENCE [ZAMORA] ON THE CHARGE OF ESCAPE BECAUSE [ZAMORA] WAS NOT UNDER DETENTION.
Before addressing Zamora's assignments of error, we will first address the nature of petitions for post-conviction relief.
 Post-conviction Relief {¶ 11} R.C. 2953.21, Ohio's post-conviction relief statute, provides "`a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the United States or the Ohio Constitution.'" State v. Wyerick, 3d Dist. No. 10-07-23, 2008-Ohio-2257, ¶ 11, quoting State v. Yarbrough, 3d Dist. No. 17-2000-10, 2001-Ohio-2351. Thus, a petitioner must establish that there has been a denial or infringement of his constitutional rights in order to prevail on a petition for post-conviction relief. State v. Scott-Hoover, 3d Dist. No. 3-04-11, 2004-Ohio-4804, ¶ 10; R.C. 2953.21(A)(1).
 {¶ 12} Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for post-conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. State v. Calhoun, 86 Ohio St.3d 279,1999-Ohio-102, at paragraph two of the syllabus.
 {¶ 13} Furthermore, the Supreme Court of Ohio has held that the doctrine of res judicata bars a defendant from raising any defenses or constitutional claims *Page 7 
in a petition for post-conviction relief under R.C. 2953.21 that were raised or could have been raised at trial or on direct appeal. State v.Jones, 3d Dist. No. 4-07-02, 2007-Ohio-5624, ¶ 19, citing State v.Perry (1967), 10 Ohio St.2d 175, 180. Consequently, the general rule is that all claims are barred by res judicata with the exception of those that were unavailable at trial or on appeal because they are outside the record. Jones, 2007-Ohio-5624, at ¶ 19, citing State v. Medsker, 3d Dist. No. 1-04-24, 2004-Ohio-4291.
 Standard of Review {¶ 14} An appellate court reviews a trial court's denial of a petition for post-conviction relief under an abuse of discretion standard.Calhoun, 86 Ohio St.3d at 284. An abuse of discretion connotes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. State v. Nagle (2000), 11th Dist. No. 99-L-089, 2000 WL 777835, citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219
 {¶ 15} Additionally, an ineffective assistance of counsel claim requires proof that trial counsel's performance fell below objective standards of reasonable representation and that the defendant was prejudiced as a result. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, but for counsel's errors, *Page 8 
the outcome at trial would have been different. Id. at paragraph three of the syllabus; State v. Wyerick, 2008-Ohio-2257, at ¶ 14.
 Assignment of Error No. I {¶ 16} In his first assignment of error, Zamora asserts that the trial court failed to make factual findings and conclusions of law in violation of R.C. 2953.21(C). We disagree.
 {¶ 17} R.C. 2953.21(C) and (G) require a trial court to make and file findings of fact and conclusions of law setting forth its findings on the issues presented and a substantive basis for its disposition of each claim for relief advanced in the petition. State v. Calhoun,86 Ohio St.3d 279, 291, 1999-Ohio-102; State v. Lester (1975), 41 Ohio St.2d 51. The purpose of requiring findings of fact and conclusions of law is to apprise the petitioner of the basis for the court's disposition and to facilitate meaningful appellate review. State ex rel. Carrion v.Harris (1988), 40 Ohio St.3d 19. A trial court "need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law. The findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion."Calhoun, at 291-292; see, also, State v. Clemmons (1989),58 Ohio App.3d 45, 46. *Page 9 
 {¶ 18} In the present case, the trial court issued a two-page judgment entry addressing each of Zamora's claims and explaining why each was without merit. In this judgment entry, the trial court stated,
 The Court further finds that the fact that the defendant fled from the officer taking him to the County Jail was never a disputed evidentiary fact and that neither counsel for the Defendant nor this Judge were ever likely to be a material witness in these proceedings; and,
 The Court therefore finds that there was no necessity for counsel for the Defendant to withdraw as said counsel nor any necessity for this Judge to disqualify or recuse himself from presiding over these proceedings.
(Feb. 2008 Judgment Entry, p. 1.)
 {¶ 19} The trial court further explained that the judge was not responsible for charging Zamora with anything; the Paulding County Grand Jury indicted Zamora with escape in violation of R.C. 2921.34(A)(1), a felony of the third degree. Furthermore, Zamora "plead guilty to the charge contained in the Indictment and thus admitted the allegations contained in said Indictment." Id., p. 2.
 {¶ 20} Upon review, we conclude that the trial court's judgment entry included adequate findings of fact and conclusions of law to satisfy the requirements of R.C. 2953.21(C).
 {¶ 21} Accordingly, Zamora's first assignment of error is overruled. *Page 10 
 Assignment of Error No. II {¶ 22} In his second assignment of error, Zamora claims that the trial court "violated his constitutional rights to due process and a fair trial" because the trial judge was biased and prejudiced because he had witnessed Zamora running from the courthouse. This argument is without merit for several reasons.
 {¶ 23} First, the fact that the trial judge witnessed Zamora's escape was apparently known by Zamora at the time of his guilty plea and first appeal, so he could have raised this issue at those times. However, he failed to do so. Therefore, this assignment of error is waived and barred by res judicata. Furthermore, as noted in the judgment entry, the fact that Zamora ran from the courthouse was never a disputed issue in the case. Moreover, Zamora's rights to a "fair trial" were never compromised because there was no trial — Zamora entered a guilty plea.
 {¶ 24} Zamora's second assignment of error is overruled.
 Assignment of Error No. III {¶ 25} Zamora's third assignment of error maintains that he was denied his right to effective assistance of counsel because his attorney witnessed Zamora fleeing from the courthouse, although Zamora does not present any evidence indicating how this affected his representation or caused Zamora to suffer any prejudice. On appeal, Zamora also asserts at least ten other ways in which he believes his trial counsel was ineffective that were not originally raised in his *Page 11 
petition for post-conviction relief. We find all of his allegations to be unsupported, without merit, and barred by res judicata.
 {¶ 26} Zamora raises numerous additional grounds for ineffective assistance of counsel for the first time in this appeal. An appellate court can only address those arguments presented to the trial court in the original petition; therefore, any new arguments cannot be considered for the first time on appeal. See, e.g., State v. Garrett, 7th Dist. No. 06-BE-67, 2007-Ohio-7212, ¶ 8; State v. Webb, 2d Dist. No. 06-CA-1694,2007-Ohio-3446, ¶ 10.
 {¶ 27} The Supreme Court of Ohio has recognized an exception to the general rule, holding that res judicata will not bar claims of ineffective assistance of counsel where the issue was not heard on direct appeal. State v. Hester (1976), 45 Ohio St.2d 71, 75-76. However, this exception is limited to circumstances where the defendant's counsel was the same individual at both the trial and on appeal. See State v.Cole (1982), 2 Ohio St.3d 112, 114 and fn.1. In Cole, the Supreme Court of Ohio clarified that "where a defendant was represented by new counsel on direct appeal `who was in no way enjoined from asserting the ineffectiveness of appellant's trial counsel,' claims of ineffective assistance of counsel must be brought on direct review." Jones,2007-Ohio-5624, at ¶ 21 (emphasis added), quoting Cole,2 Ohio St.3d at 114.
 {¶ 28} Zamora was represented by a different attorney on his direct appeal, so he could have raised his issues concerning ineffective assistance of trial counsel *Page 12 
at that time. In fact, this very issue was raised in his direct appeal. Zamora has not provided any "new competent, relevant and material evidence outside the record" that was not available or known to him at the time of his guilty plea and original appeal. See State v.Pordash, 9th Dist. No. 05CA008673, 2005-Ohio-4252, ¶ 13, State v.Lawson (1995), 103 Ohio App.3d 307, 315. Therefore, this issue is barred by res judicata.
 {¶ 29} Accordingly, the third assignment of error is overruled.
 Assignment of Error IV {¶ 30} In his final assignment of error, Zamora challenges his indictment and conviction for escape. In his petition, he appears to argue that he was not actually under "detention" and that the conviction should have been for a felony of the fifth degree, not a felony of the third degree.[5] He also argues several additional issues for the first time that were not a part of his petition for post-conviction relief and, thus, are not properly before this Court. See State v.Garrett and Webb, supra.
 {¶ 31} Once again, Zamora presents no issues (either in his petition or the additional issues argued in his appellate brief) that could not have been raised on direct appeal, and in some instances were addressed on direct appeal. See State v. *Page 13 Zamora, 2007-Ohio-6973, at ¶ 16. Therefore, this assignment of error is also barred by res judicata.
 {¶ 32} Zamora continues to ignore the fact that his guilty plea was a complete admission of his guilt to the charges stated in the indictment. See Crim. R. 11(B)(1). Zamora has never claimed that his plea was not voluntary or that he did not understand the nature of the charges or the maximum penalty possible. As this Court has stated in response to his direct appeal, "Zamora is simply unhappy with the sentence the trial court imposed; a sentence which Zamora was advised the trial court could impose for a third-degree felony (and to which he stated his understanding)." Zamora, 2007-Ohio-6973, at ¶ 13.
 {¶ 33} There was nothing that prevented Zamora from raising any of these issues either at trial or in his direct appeal. As a result, he is precluded from arguing these issues in a petition for post-conviction relief. As this Court has previously stated:
 We note that R.C. 2953.21 does not provide an alternative track for direct appeal of a criminal conviction and sentence. Neither is a petition for post-conviction relief a substitute for a direct appeal, nor a means of an additional or supplementary direct appeal of such conviction and sentence. We reiterate that the fundamental premise of a post-conviction petition is to afford a criminal defendant the opportunity to raise alleged constitutional infirmities that could not have been raised at trial or on direct appeal.
State v. Chaiffetz, 3d Dist. No. 9-99-23, 1999-Ohio-872. *Page 14 
 {¶ 34} All of the issues raised in Zamora's petition for post-conviction relief are barred by res judicata. In his reply brief, Zamora implies that res judicata is not applicable because he claims that his appeal was filed on his motion to withdraw his guilty plea, not his original conviction. Again, this argument fails for several reasons. First, we find that in his original appeal Zamora did raise several issues concerning his original conviction in addition to the denial of his motion to withdraw his guilty plea. Furthermore, Appellate Rule 4 requires that all issues for appeal be filed within thirty days of the judgment entry. A petition for post-conviction relief is not an appropriate vehicle for arguing issues that should have been brought on direct appeal because res judicata bars all such issues that were,or could have been, raised on appeal.
 {¶ 35} Accordingly, Zamora's fourth assignment of error is overruled.
 {¶ 36} Having found no errors prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.
Judgments Affirmed.
 SHAW, P.J., and PRESTON, J., concur.
[1] Case no. 11-08-04 corresponds to the Paulding County Court of Common Pleas case no. CR-07-515.
[2] Zamora had been under the supervision of the Paulding County Adult Parole and Probation Office since his release from prison in October 2007 on another unrelated matter. See State v. Zamora, 3d Dist. No. 11-06-02, 2006-Ohio-3393.
[3] In his appellate brief, Zamora stated that he "left his children at home at 2:30 pm to attend the hearing with his fiancé, that his fiancé had to go to work at 3:00 pm, that he did `not' anticipate his bond would be modified and that he was concerned his children would be left at home alone." In his petition for post-conviction relief, Zamora states that "he was simply observed jogging to his vehicle, to [sic] which his children were in outside the courthouse [and he] then proceeded to the childrens [sic] residence * * *."
[4] Case no. 11-08-05 corresponds to the Paulding County Court of Common Pleas case no. CR-07-526.
[5] We note that R.C. 2921.34(C)(2)(b) states that escape is a felony of the third degree when the person was under detention for a felony of the third, fourth or fifth degree. Escape is classified as a felony of the fifth degree when the person was under detention for a misdemeanor. R.C. 2921.34(C)(2)(c)(i). Zamora was under detention for forgery, a felony of the fifth degree. *Page 1