OPINION
{¶ 1} The appellant, Ronald Walling, pro se, appeals the September 29, 2003 judgment of the Common Pleas Court of Shelby County, Ohio, sentencing him to a term of imprisonment. Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5).
 {¶ 2} Walling was indicted by a Shelby County Grand Jury on two counts of gross sexual imposition in violation of R.C. 2907.05. Subsequently, Walling plead not guilty to both charges. Jonathan M. Richard of the Shelby County Public Defenders Office was appointed to represent Walling; however, due to an unspecified conflict of interest between Walling and Richard, the trial court ordered William R. Zimmerman to replace Richard as counsel.
 {¶ 3} On September 29, 2003, Walling agreed to change his initial pleas of not guilty to each count of gross sexual imposition to guilty of one count of gross sexual imposition resulting in a one year prison sentence. At the plea hearing, Zimmerman was unavailable to represent Walling because he was out of town. As a result, the only public defender available was Richard, and Walling consented to have Richard represent him during the plea hearing. The trial court agreed to the plea, read Walling his rights, and sentenced him to a one-year term of imprisonment.
 {¶ 4} On April 26, 2004, Walling filed a petition for post-conviction relief, which was denied. Then, on July 29, 2004, Walling filed a motion to withdraw his guilty plea due to manifest injustice pursuant to Crim.R. 32.1. The trial court denied Walling's Crim.R. 32.1 motion, and, subsequently, Walling appealed alleging one assignment of error.
The trial court erred and abused judicial discretion to denyappellant's post-sentence Ohio Crim. R.P. 32.1 motion to withdraw hisguilty plea.
 {¶ 5} Crim.R. 32.1 states:
A motion to withdraw a plea of guilty or no contest may be made onlybefore sentence is imposed; but to correct manifest in justice the courtafter sentence may set aside the judgment of conviction and permit thedefendant to withdraw his or her plea.
Crim.R. 32.1.
 {¶ 6} A defendant who seeks to withdraw his guilty plea after sentence has been imposed has the burden of establishing the existence of manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261, 264, 361 N.E.2d 1324, citing United States v. Mainer (C.A.3 1967), 383 F.2d 444. A manifest injustice has been defined as a "clear or openly unjust act." State ex.rel. Schneider v. Kriener (1998), 83 Ohio St.3d 203, 208, 699 N.E.2d 83. Moreover, manifest injustice has also been defined as an extraordinary and fundamental flaw in the plea proceeding. Smith, 49 Ohio St.2d at 264. A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, Smith, 49 Ohio St.2d at paragraph two of the syllabus; therefore, reviewing courts will not reverse a trial court's denial of a motion to withdraw a guilty plea absent an abuse of discretion. State v. Nathan (1995), 99 Ohio App.3d 722, 725,651 N.E.2d 1044. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 7} In the instant case, Walling argues that he did not make a knowing, voluntary, and intelligent waiver of his constitutional rights when he elected to plead guilty to one count of gross sexual imposition. Moreover, Walling suggests that he was subject to a manifest injustice because Richard, the public defender that had a purported conflict of interest with Walling, represented him during the guilty plea hearing and signed the guilty plea itself. Thus, Walling contends that the trial court abused its discretion by not granting his Crim.R. 32.1 motion to withdraw his guilty plea.
 {¶ 8} After reviewing the facts of the case before us, we disagree. First, while the record does reflect that Richard originally had a conflict in representing Walling, the record is silent as to the nature of the conflict, and, perhaps more importantly, whether the conflict was resolved. Second, at the plea hearing, Walling, who was obviously aware of the conflict, did consent to Richard's representation. The transcripts states:
Mr. Richard: Your Honor, on behalf of Mr. Walling, Mr. Zimmerman fromour office is the attorney of record. But with Mr. Walling's permission,I would be prepared to proceed to represent him today.
 The Court: Mr. Walling, is that agreeable with you, that Mr. Richardproceed on — in Mr. Zimmerman's absence?
 The Defendant: Yes.
 The Court: Is that agreeable with you?
 The Defendant: Yes, sir.
Plea Hearing Tr. at p. 4. Finally, the record reflects that the trial court reviewed all of Walling's constitutional rights with him pursuant to Crim.R.11 and that Walling agreed to relinquish those rights by pleading guilty.
 {¶ 9} Thus, we conclude that the trial court did not abuse its discretion by determining that Walling's acquiescence to Richard's representation as well as Walling's verbal and written relinquishment of his constitutional rights pursuant to Crim.R.11 did not amount to a manifest injustice. Accordingly, the assignment of error is overruled.
Judgment Affirmed.
 Bryant and Rogers, JJ., concur.