OPINION
{¶ 1} Defendant-appellant Vernon C. Leugers, Jr. appeals the Allen County Court of Common Pleas' decision to deny his post-sentence motion to withdraw his guilty plea. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} In January 2004, the Allen County Grand Jury indicted Leugers for one count of rape, one count of gross sexual imposition, one count of unlawful sexual conduct with a minor, one count of disseminating matter harmful to juveniles, and six counts of pandering sexually oriented matter involving a minor. Several months later, the grand jury indicted Leugers for a second time for six additional counts of pandering sexually oriented matter involving a minor.
 {¶ 3} In August 2004, Leugers entered into a negotiated plea agreement and pled guilty to the following: three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree; one count of attempted pandering sexually oriented matter involving a minor in violation of R.C. 2923.02 and 2907.322(A)(6), a felony of the third degree; and one count of disseminating matter harmful to a juvenile in violation of R.C. 2907.31(A)(1), a felony of the fifth degree. The prosecution dismissed the remaining counts, and the trial court sentenced Leugers to multiple and consecutive prison sentences totaling 12 years and 11 months.
 {¶ 4} Leugers filed a direct appeal with this court in November 2004, arguing the trial court erred when it sentenced him to consecutive prison sentences. But this court found that the trial court did not err, and when Leugers filed a motion for reconsideration and a motion to reopen his direct appeal, this court denied both motions. Leugers also filed a motion for a delayed appeal with the Ohio Supreme Court in May 2005, which was denied.
 {¶ 5} In August 2005, Leugers filed with the trial court a pro se, post-sentence motion to withdraw his guilty plea. The trial court scheduled a hearing on Leugers' motion and appointed counsel to represent him. At the beginning of the hearing, the prosecution made an oral motion to dismiss, asserting that the doctrine of res judicata barred Leugers from raising the arguments in his motion. The trial court provided Leugers 14 days to brief the issue and adjourned the hearing.
 {¶ 6} In November 2005, the trial court issued a judgment entry which denied Leugers' motion. In its judgment entry, the trial court held that the doctrine of res judicata applied in this case and that Leugers failed to establish a "manifest injustice" under Crim. R. 32.1.
 {¶ 7} It is from this decision that Leugers appeals and sets forth two assignments of error for our review. For purposes clarity, we combine Leugers' assignments of error.
 ASSIGNMENT OF ERROR NO. I The trial court committed erroe [sic] prejudicial to the Defendant by dismissing the Defendant's Motion to Withdraw Guilty Plea upon oral motion of the State of Ohio without allowing the Defendant to present evidence and testimony.
 ASSIGNMENT OF ERROR NO. II The trial court committed error prejudicial to the Defendant by dismissing the Defendant's Motion to Withdraw Guilty Plea based upon the doctrine of res judicata.
 {¶ 8} In his first assignment of error, Leugers argues that the trial court erred when it dismissed his motion to withdraw his guilty plea without holding an evidentiary hearing. Leugers also argues, in his second assignment of error, that the trial court erred when it held that the doctrine of res judicata applied in this case. Before we address the merits of Leugers' arguments, however, we first consider whether the trial court abused its discretion when it held that Leugers failed to establish a "manifest injustice" within the meaning of Crim. R. 32.1.
 {¶ 9} Crim. R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Thus, a defendant seeking to withdraw a guilty plea after sentence has been imposed, as Leugers does in the instant case, has the burden of demonstrating a "manifest injustice." State v. Smith (1977),49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus. This court has previously defined a "manifest injustice" as a "clear or openly unjust act." State v. Walling, 3d Dist. No. 17-04-12, 2005-Ohio-428, at ¶ 6. Notably, a post-sentence withdrawal of a guilty plea is only available in "extraordinary cases." Smith, 49 Ohio St.2d at 264.
 {¶ 10} A trial court maintains discretion in determining whether a defendant established a "manifest injustice." Id., at paragraph two of the syllabus. As such, this court will not reverse a trial court's decision absent an abuse of discretion. State v. Nathan (1995),99 Ohio App.3d 722, 725, 651 N.E.2d 1044. An abuse of discretion suggests a decision is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 11} In his post-sentence motion to withdraw his guilty plea, Leugers argues that a "manifest injustice" exists because he did not understand the nature of the charges to which he pled. But the transcript of the change-of-plea hearing in this case indicates that the trial court repeatedly informed Leugers of his rights and of the possible penalties associated with the charges at issue and that after engaging in a dialogue with the court, Leugers chose to waive his rights and plead guilty. The record does not indicate — in any way — that Leugers was unaware of the charges or the consequences of his plea. As such, we find Leugers' argument in this regard lacks merit.
 {¶ 12} Leugers also argues in his motion, among other things, that a "manifest injustice" exists because he was denied effective assistance of counsel. Leugers does not point to any evidence in the record to substantiate his argument, nor did he file a timely post-conviction relief motion. In the absence of such evidence, we find Leugers' argument also lacks merit.
 {¶ 13} Given the foregoing, we find, as did the trial court, that Leugers' arguments do not establish a "manifest injustice" under Crim. R. 32.1. Nor do any of Leugers' additional arguments in his post-sentence motion otherwise demonstrate that a "manifest injustice" exists. Accordingly, we conclude that the trial court did not abuse its discretion when it held that Leugers failed to establish a "manifest injustice" within the meaning of Crim. R. 32.1 and dismissed Leugers' motion on that basis.
 {¶ 14} Nevertheless, Leugers argues in his first assignment of error that the trial court erred when it dismissed his motion to withdraw his guilty plea without holding an evidentiary hearing.
 {¶ 15} When a trial court reviews a motion to withdraw a guilty plea, it decides, based upon the allegations in the motion, whether to hold an evidentiary hearing on the motion. Nathan, 99 Ohio App.3d at 725. A hearing on a post-sentence motion to withdraw a guilty plea " `is required if the facts alleged by the defendant and accepted as true would require the court to permit [the] plea to be withdrawn.' " Id., quoting State v. Hamed (1989), 63 Ohio App.3d 5, 7, 577 N.E.2d 1111, citing State v. Blatnik (1984), 17 Ohio App.3d 201, 17 OBR 391,478 N.E.2d 1016.
 {¶ 16} A trial court maintains discretion in determining whether to hold a hearing on a defendant's motion to withdraw a guilty plea. SeeNathan, 99 Ohio App.3d at 728. As such, this court will not reverse a trial court's decision absent an abuse of discretion. Id.
 {¶ 17} Leugers' arguments in his post-sentence motion did not establish a "manifest injustice" under Crim. R. 32.1. It is therefore evident that the allegations in Leugers' motion did not warrant a hearing under the particular facts of this case. Accordingly, we conclude that the trial court did not abuse its discretion when it dismissed Leugers' motion without holding an evidentiary hearing regarding the motion.
 {¶ 18} Additionally, Leugers argues in his second assignment of error that the trial court erred when it held that the doctrine of res judicata applied in this case. To support his argument, Leugers claims that the Ohio Supreme Court's decision in State v. Bush,96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, abrogated this court's decision inState v. Reynolds, 3d Dist. No. 12-01-11, 2002-Ohio-2823, which the trial relied on herein. Since Leugers failed to establish a "manifest injustice" under Crim. R. 32.1 and the trial court did not err when it dismissed Leugers' motion on that basis, Leugers' additional argument is moot.
 {¶ 19} Leugers' first and second assignments of error are overruled.
 {¶ 20} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 BRYANT, P.J. and SHAW, J., concur.