OPINION
{¶ 1} The defendant-appellant, Jason Findley, appeals the judgment of the Crawford County Common Pleas Court denying various motions concerning his sentence. On appeal, Findley contends the trial court erred when it denied his motion to reconsider sentence and when the trial court failed to address his motion to withdraw guilty plea. For the reasons expressed herein, we affirm the decision of the trial court.
 {¶ 2} On March 30, 1999, the state of Ohio filed a bill of information charging Findley with two counts of forgery, violations of R.C. 2913.31, felonies of the fifth degree. The bill of information was filed in Crawford County Common Pleas Court case number 99-CR-42, which is before us as appellate number 3-07-16. Findley pled guilty to both charges and was sentenced to three years of community control sanctions.
 {¶ 3} On November 13, 2000, the Crawford County Grand Jury indicted Findley on one count of robbery, a violation of R.C. 2911.02, a second-degree felony, and one count of escape, a violation of R.C.2921.34, a third-degree felony. *Page 3 
The indictment was filed in Crawford County Common Pleas Court case number 00-CR-162, which is before us as appellate number 3-07-17. The court tolled Findley's community control time in 99-CR-42 until his release from prison in 00-CR-162. Other than that information, the merits of this appeal do not concern any issues in 99-CR-42. However, the cases have been consolidated for purposes of appeal.
 {¶ 4} On December 22, 2000, a written plea agreement was filed in 00-CR-162. The written plea agreement specified that the robbery charge would be reduced to attempted robbery, a third-degree felony, and Findley would plead guilty to that offense and the escape charge. The agreement also notified Findley that the court could impose consecutive sentences; that the state would recommend and agree to judicial release after six months incarceration; and that sentencing would be argued to the court. Also on December 22, the trial court held a change of plea and sentencing hearing. The state read the plea agreement into the record, mentioning that it would agree to judicial release after six months of incarceration, but there was nothing in the record concerning a specific sentence as part of the plea agreement. Both parties presented recommendations and reasons for sentencing to the court, with the state recommending two consecutive four-year prison terms. (Change Plea and Sentencing Tr., Aug. 9, 2007, at 7:21-24). The state clearly requested consecutive sentences, reiterated that it was *Page 4 
asking for a "harsh" sentence due to the severity of the offense, and noted that it agreed to judicial release after 6 months to temper the penalty. (Id., at 8). The trial court accepted the state's recommendation, stating, "I am going to sentence you to four years on each count. They'll run consecutively. And, as noted in the plea agreement, in approximately six months, you can file a motion for judicial release." (Id., at 9).
 {¶ 5} On January 8, 2001, Findley sent a handwritten letter to the clerk of courts' office requesting his "paper work." The letter was filed, but apparently, no further action was taken by the appellant at that time. On June 22, 2001, Findley filed a motion for judicial release, and the state noted its agreement. On July 20, 2001, Findley was granted judicial release and placed on community control sanctions for five years.
 {¶ 6} In May 2002, a motion was filed asking the court to revoke Findley's community control sanctions, as he had tested positive for marijuana use on three different occasions. A hearing was held on May 20, 2002. At that time, the court asked Findley if he wished to obtain counsel. Findley indicated that his decision depended on the penalty he was facing. The state said, "He could be sent back to the institution for the balance of his prison term, which is approximately eight years." (Probation Violation Tr., Aug. 9, 2007, at 3). Having that information before him, Findley opted to proceed without counsel and pled guilty *Page 5 
to the violations. The state asked the court to impose the remainder of Findley's original sentence, and specifically mentioned, more than once, that the remaining sentence was approximately eight years. Given the opportunity to speak on his own behalf, Findley specifically and repeatedly asked the court not to impose a sentence of "eight years." The trial court imposed the remainder of Findley's eight-year sentence, with the state clarifying that the original sentence consisted of two consecutive four-year prison terms. The trial court journalized its orders on May 22, 2002.
 {¶ 7} As with the original sentence, no appeal was taken from the trial court's order revoking Findley's community control and imposing the remainder of his original sentence. On January 8, 2007, Findley filed a pro se motion captioned, "Defendant's motion for the court to take judicial notice of R.C. 2929.20's statute and make nunc pro tunc correcting entries and/or treat this motion as a motion for judicial release and/or alternatively as a Crim.R. 32.1 motion to withdraw his guilty plea." In his motion, Findley asked the court to take judicial notice that pursuant to R.C. 2929.20(B)(4), the judgment entry granting judicial release was void, which rendered all subsequent proceedings (i.e., revoking judicial release and imposing the remainder of his original sentence) void. Following his logic, Findley asked the court to grant him judicial release or to treat his motion as a Crim.R. 32.1 motion to withdraw guilty plea. Findley's *Page 6 
motion was based upon "(1) the State's unlawful promise of Judicial Release after serving six, (6), months, and (2) Trial Counsel's wrongfull [sic] assurances to the Defendant that the Defendant was agreeing to plead guilty in exchange for two, four-year prison sentences to be served concurrently * * * ."
 {¶ 8} On January 11, 2007, the state filed a motion for summary judgment, asking the court to deny Findley's motion as being frivolous and untimely. The state argued that if Findley's motion was construed as a petition for post-conviction relief, it must fail as being untimely filed and barred by the doctrine of res judicata. The state alleged that Appellant's arguments could have been, and should have been, raised on direct appeal because Findley had not presented any new evidence or arguments that could not have been made at that time. On January 31, 2007, the trial court filed its judgment entry granting the state's motion for summary judgment and denying Findley's motion.
 {¶ 9} On February 12, 2007, Findley, pro se, filed a motion and affidavit requesting that the trial judge recuse himself from the case. The same filing also included a motion to reconsider his motion to withdraw guilty plea. The state opposed Findley's motion, arguing that neither the Rules of Criminal Procedure nor the Rules of Civil Procedure allow for motions for reconsideration.
 {¶ 10} On March 1, 2007, Findley, through his counsel, filed a motion for reconsideration of his original sentence and the imposition of the remaining *Page 7 
original sentence. The text of the motion was less than one-half of a page and merely requested that the court reconsider the sentence "pursuant [to] the recent case law in direct relation to the defendant's initial sentence in this matter and the sentence then imposed at his probation violation hearing in which the defendant was unrepresented." Other than a vague reference to "recent case law," Findley cited no legal authority.
 {¶ 11} On March 6, 2007, the trial judge filed a journal entry, voluntarily recusing himself from Findley's case. A visiting judge was appointed to decide any pending motions and any future litigation. On May 9, 2007, the trial court conducted a hearing on his motions and took the matter under advisement. On June 4, 2007, the court denied Findley's motions, finding that there was no evidence to support Findley's contention that he should have been sentenced to concurrent prison terms; that the motion was untimely filed, as it was not filed until 2007; that Findley was not entitled to judicial release; and that the issues presented to the court should have been brought on direct appeal. Findley appeals the judgment of the trial court and raises two assignments of error for our review.
 First Assignment of Error The trial court erred when it denied the motion of Defendant/Appellant for a reconsideration of his sentence/resentence because the consecutive sentence imposed was not appropriate or supported by the record pursuant [to] the promises made during Defendant/Appellant's change of plea hearing. *Page 8 
 Second Assignment of Error Further, the trial court erred when it failed to address the defendant/appellant's request to withdraw his plea pursuant to the court's failure to abide by the plea agreement.
 {¶ 12} Although Findley raises two assignments of error, he has addressed both with a single argument. Essentially, Findley asserts that his original sentence was made in error, as the trial court intended to order concurrent prison terms rather than consecutive prison terms. Findley's "evidence" in support of his assertion is that R.C. 2929.20
requires a prison term of less than five years in order for the offender to be granted judicial release after six months, and that his attorney promised him concurrent sentences.
 {¶ 13} To resolve the issues before us, we must first establish which motions were before the trial court for adjudication and the proper nature of those motions. Initially, we note that Findley did not take a direct appeal from the original sentence imposed in 2000. We also note that Findley did not take a direct appeal after the trial court imposed the remainder of his original sentence in 2002.
 {¶ 14} The first post-sentence objection was Findley's pro se motion filed on January 8, 2007. In that motion, Findley essentially filed both a motion to withdraw his guilty plea and a petition for post-conviction relief. The motion must be considered in part a petition for post-conviction relief because it requested reconsideration or correction of his original sentence. State v. Reynolds, *Page 9 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131, syllabus ("[w]here a criminal defendant, subsequent to his * * * direct appeal, files a motion seeking vacation or correction of his * * * sentence on the basis that his * * * constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.") This Court has previously held that trial courts need not consider untimely petitions for post-conviction relief. State v. Avery, 3d Dist. No. 14-04-06, 2004-Ohio-4165, at ¶ 14, citing R.C. 2953.21(C).
 {¶ 15} The post-conviction relief statute states in pertinent part:
 [a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
R.C. 2953.21(A)(1)(a). The time frame for filing a petition is set forth in R.C. 2953.21(A)(2). As noted above, Findley failed to appeal both the 2000 and 2002 sentencing entries. Therefore, subject to certain exceptions in R.C. 2953.23, he was required to file a petition for post-conviction relief "no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2). *Page 10 
 {¶ 16} Final judgment was entered on December 22, 2000 when Appellant pled guilty and was sentenced to two consecutive four-year prison terms. Findley's direct appeal would have been due on or about January 22, 2001. Counting forward 180 days, Findley was required to file a petition for postconviction relief on or about July 23, 2001. The remainder of Findley's original sentence was imposed on May 22, 2002. Findley's time for filing a direct appeal from that order expired on or about June 21, 2002, and counting forward 180 days from that date, his petition for post-conviction relief was due on or about December 18, 2002. Findley met none of these deadlines, opting to file his petition on January 8, 2007, which is approximately five and one-half years after the time expired on the original sentencing entry and approximately four years after the time expired on the second sentencing entry. Therefore, Findley's petition was untimely filed pursuant to R.C. 2953.21(A).
 {¶ 17} R.C. 2953.23 provides certain exceptions to the filing deadline established in R.C. 2953.21(A). Pertinent to this case, R.C. 2953.23(A) states:
 Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 (1) Both of the following apply: *Page 11 
 (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 18} The exceptions in R.C. 2953.23(A) are inapplicable to this case. First, there is no evidence brought by Findley to support his position. Second, any arguments now made could have been brought immediately following the original sentencing hearing and order. At the hearing in this case, Findley admitted that the original sentencing transcript clearly states "consecutive" sentences. He admits that both he and counsel received copies of the sentencing entry, which specified consecutive sentences. Findley's motion is nothing more than a failed second bite at the apple. Rather than filing a direct appeal, he opted to take the risk associated with moving for judicial release after six months. For these reasons, the trial court properly denied Findley's petition for post-conviction relief. *Page 12 
 {¶ 19} The second aspect of Findley's January 8, 2007 filing was a motion to withdraw guilty plea. Crim.R. 32.1 states, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Where, as here, a motion to withdraw guilty plea has been filed, the defendant bears the burden of establishing a manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261, 264,361 N.E.2d 1324, citing United States v. Mainer (C.A.3, 1967), 383 F.2d 444. Although "manifest injustice" has been defined in various ways, this court has previously stated that a "manifest injustice" is a "clear or openly unjust act." State v. Leugers, 3d No. 1-05-90, 2006-Ohio-6928, at ¶ 9, citing State v. Walling, 3d Dist. No. 17-04-12, 2005-Ohio-428, at ¶ 6. Furthermore, a motion to withdraw guilty plea must be allowed "only in extraordinary cases." Smith, at 264, citing United States v.Semel (C.A. 4, 1965), 347 F.2d 228, certiorari denied 382 U.S. 840,86 S.Ct. 90, 15 L.Ed.2d 82, rehearing denied 382 U.S. 933, 86 S.Ct. 312,15 L.Ed.2d 346. "The standard rests upon practical considerations important to the proper administration of justice, and seeks to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment." Id., citing Kadwell v. United States (C.A.9, 1963), 315 F.2d 667, 670. *Page 13 
 {¶ 20} The trial court has broad discretion to grant or deny a motion to withdraw guilty plea, and the trial court has the duty to assess "good faith, credibility and weight of the movant's assertions in support of the motion * * * ." Id., citing United States v.Washington (C.A.3, 1965), 341 F.2d 277, certiorari denied 382 U.S. 850,86 S.Ct. 96, 15 L.Ed.2d 89, rehearing denied 382 U.S. 933, 86 S.Ct. 317,15 L.Ed.2d 346. An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144, internal citations omitted.
 {¶ 21} Here, Findley signed a written plea agreement, which stated that sentence would be argued and the state would agree to judicial release after six months of incarceration. The agreement read into the record at hearing reflects a similar statement. The state argued for consecutive sentences at the original sentencing hearing; the trial court imposed consecutive sentences at the sentencing hearing; and the judgment entry stated that consecutive sentences were imposed. On this record, Findley has failed to show a manifest injustice, and we cannot find the trial court abused its discretion in denying the Crim.R. 32.1 motion.
 {¶ 22} After entering judgment denying Findley's January 8, 2007 petition and motion, Findley filed a second pro se motion, requesting reconsideration of his *Page 14 
motion to withdraw guilty plea. After obtaining counsel, Findley filed another motion seeking reconsideration of the sentence. Both of these "motions" are barred by res judicata.
 "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."
State v. Vernon, 11th Dist. No. 2006-L-146,2007-Ohio-3376, at ¶ 16, quoting State v. Szefcyk, 77 Ohio St.3d 93,1996-Ohio-337, 671 N.E.2d 233, at syllabus, following State v.Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraph nine of the syllabus. Furthermore, "a criminal defendant cannot raise any issue in a postsentence motion to withdraw a guilty plea that was or could have been raised at trial or on direct appeal." Id., at ¶ 17, quotingState v. Brown, 167 Ohio App.3d 239, 2006-Ohio-3266, 854 N.E.2d 583, at ¶ 7, internal citations omitted. Neither of the motions, filed on February 12, 2007 and March 1, 2007, raise new issues. The motions simply reiterate the arguments Findley made in his January 8, 2007 filing, and all of those arguments could have been raised on direct appeal. Even if the filing of January 8, 2007 are not barred by the doctrine of res judicata, the subsequent motions for reconsideration certainly are. Therefore, the first and second assignments of error are overruled. *Page 15 
 {¶ 23} The judgments of the Crawford County Common Pleas Court are affirmed.
Judgments affirmed.
 SHAW and PRESTON, J.J., concur. *Page 1