OPINION *Page 2 
{¶ 1} Defendant-appellant, Dwight Brown (hereinafter "Brown"), appeals the Union County Court of Common Pleas judgment denying his motion to withdraw his guilty plea. For the reasons that follow, we affirm.
 {¶ 2} On April 7, 2006, Brown was indicted on eleven counts, including: two counts of pandering sexually oriented matter involving a minor, violations of R.C. 2907.322(A)(1), second degree felonies; two counts of pandering sexually oriented matter involving a minor, violations of R.C. 2907.322(A)(2), second degree felonies; two counts of pandering sexually oriented matter involving a minor, violations of R.C. 2907.322(A)(3), second degree felonies; two counts of possessing criminal tools, violations of R.C. 2923.24(A), fifth degree felonies; one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), a third degree felony; and two counts of rape, violations of R.C. 2907.02(A)(1)(b), (B), first degree felonies with specifications that Brown is a sexually oriented violent offender pursuant to R.C. 2941.148.
 {¶ 3} On April 10, 2006, the prosecutor filed a motion to amend the indictment, as to the specifications on counts six and eleven. That same day, the trial court found the amendments to be well taken and ordered the indictment be amended. *Page 3 
 {¶ 4} On May 4, 2006, the prosecution and defense filed a joint sentencing recommendation. The next day, an entry was filed withdrawing the plea of not guilty, entering a plea of guilty, and referring the matter for a presentence investigation. Brown pled guilty to one count of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A), second degree felony, and to two counts of rape, violations of R.C. 2907.02(A)(1)(b)(B), first degree felonies. The remaining counts and the specifications were dismissed at the prosecution's request.
 {¶ 5} On June 7, 2006, the trial court sentenced Brown to five years in prison on the count of pandering sexually oriented matter involving a minor, and a mandatory life prison term on each of the rape counts. The trial court ordered that the sentences be served consecutively.
 {¶ 6} Brown filed his notice of appeal in appellate case no. 06 AP 0029 on July 6, 2006. The prosecution filed a motion to dismiss the appeal on August 17, 2006, which was denied by this Court. Thereafter, Brown filed a motion to dismiss, and this Court dismissed his appeal on September 29, 2006.
 {¶ 7} Brown, represented by new counsel, filed his motion to withdraw his guilty plea on August 7, 2007. The trial court filed a hearing notice on August 10, 2007 which notified the parties that there would be a video hearing on all pending motions held on August 24, 2007. Brown filed a motion for a continuance, and *Page 4 
the trial court sustained the continuance and placed the matter on inactive status until Brown's counsel notified the court in writing that they were prepared to go forward. On October 9, 2007, Brown filed a motion to set hearing. The trial court filed a hearing notice on October 17, 2007, which set the matter for a video hearing on December 5, 2007. The hearing notice provided that "[c]ounsel for Defendant may be present in the Union County Common Pleas Courtroom or at the Institution with the Defendant. If counsel chooses to be present at the Institution, he/she shall make arrangements with the Institution for admittance for said video hearing." (Doc. No. 65).
 {¶ 8} The hearing on Brown's motion to withdraw his guilty plea was held, and Brown was not physically present at the hearing but was present via video. Brown's attorneys were physically present at the hearing and objected to Brown not being physically present in the courtroom. (Tr. 12/5/07 at 6). At the end of the hearing, Brown's counsel requested the opportunity to file a "supplement" based on the testimony at the hearing, which the trial court allowed. (Tr. 12/5/07 at 83). On December 26, 2007, Brown filed a motion for an extension of time to file the "supplement," which the trial court granted. On January 15, 2008, the "supplement" was filed. On January 22, 2008, the trial court filed its decision in which it treated Brown's motion like a petition for postconviction relief and overruled it. *Page 5 
 {¶ 9} It is from the trial court's judgment denying his motion to withdraw his guilty plea, and Brown not being allowed to be physically present at the hearing on the motion that Brown appeals and asserts two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT COMMITTED AN ERROR OF LAW BY DENYING APPELLANT THERIGHT TO BE PRESENT AND CONSULT WITH COUNSEL DURING THE COURSE OF THEMOTION TO WITHDRAW GUILTY PLEA HEARING
 {¶ 10} In his first assignment of error, Brown argues that he was denied his right to be present at the hearing on his motion to withdraw his guilty plea. According to Brown, he was "denied the ability to be present, consult with counsel during the course of the hearing in a confidential manner, and the ability to see the witnesses as they were testifying. (Appellant's Brief at 10). In his argument, Brown points to the Confrontation Clause found in the Sixth Amendment to the United States Constitution and Article 1, Section 10 of the Ohio Constitution. Brown argues that criminal defendants have the right to be present at every stage in the trial as required by Section 10, Article I of the Ohio Constitution, and Crim. R. 43(A). Further, Brown argues that there was no need to protect any witnesses or prevent the disruption of the proceedings in his case, and thus, the trial court should not have excluded him from the courtroom during the hearing. *Page 6 
 {¶ 11} The Sixth Amendment to the United States Constitution provides, in pertinent part: "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses againsthim." In addition, the Ohio Constitution provides:
 "* * * In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; * * * to meet the witnesses face to face, and to have compulsory process to procure the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed; but provision may be made by law for the taking of the deposition by the accused or by the state, to be used for or against the accused of any witness whose attendance can not be had at the trial, always securing to the accused means and the opportunity to face as fully and in the same manner as if in court.* * *
Section 10, Article I, Ohio Constitution.
 {¶ 12} Criminal Rule 43 requires a criminal defendant's presence "at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules." Crim. R. 43(A). The aforementioned criminal rule also provides that a defendant may be excluded for disruptive conduct when the defendant's conduct is "so disruptive that the hearing or trial cannot reasonably be conducted with his continued presence * * *." Crim. R. 43(B).
 {¶ 13} Brown argues that there was no need to protect any witnesses and there was no indication that Brown would disrupt the hearings. We agree that *Page 7 
there were no indications that any witnesses needed to be protected nor were there any concerns about Brown disrupting the hearing.
 {¶ 14} The Sixth Amendment to the United States Constitution, Section 10, Article I of the Ohio Constitution, and Crim. R. 43 all deal with the defendant's presence or right to confrontation during their trial or criminal prosecution. However, in the present case, Brown has already been convicted and sentenced following his guilty plea. Since the trial and criminal prosecution have been completed, the Sixth Amendment to the United States Constitution, Section 10, Article I of the Ohio Constitution, and Crim. R. 43 does not require the defendant's physical presence at the hearing on his motion to withdraw a guilty plea, nor have we found any Amendments or Criminal Rules that would directly require a criminal defendant's physical presence at a hearing on such a motion.
 {¶ 15} Moreover, neither Brown nor the prosecution has presented any cases dealing with a criminal defendant's physical presence at a hearing on a motion to withdraw a guilty plea, and we have been unable to find any cases specifically on this issue. Thus, the issue of whether a defendant has a right to be physically present at the hearing on his motion to withdraw a guilty plea appears to be a matter of first impression.
 {¶ 16} A defendant is not always entitled to a hearing on their motion to withdrawal their guilty plea. "Generally, a hearing on a postsentence motion to *Page 8 
withdraw a plea `is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn.'" State v. Nathan (1995), 99 Ohio App.3d 722, 725,651 N.E.2d 1044, quoting State v. Hamed (1989), 63 Ohio App.3d 5, 7,577 N.E.2d 1111.
 {¶ 17} Although Brown claims that he was disadvantaged by his lack of physical presence at the hearing, there is no indication in the record that Brown requested to speak with his counsel privately or that he was denied any such requests. In addition, the trial court told the defendant to inform the court if he was unable to hear via the video any of the proceedings on the motion to withdraw the guilty plea. The transcript of the hearing also indicates that Brown did, in fact, hear what had transpired at the hearing. (Tr. 12/5/07 at 4, 43).
 {¶ 18} Finally, the trial court gave trial counsel, well in advance of the hearing, the choice of whether to attend the hearing in the courtroom or whether to be present with the defendant at the prison, and Brown's counsel chose to attend the hearing at the courtroom.
 {¶ 19} Thus, we hold that the trial court did not err in having the defendant present by video for his hearing on his motion to withdraw a guilty plea.
 {¶ 20} Brown's first assignment of error is overruled. *Page 9 
 ASSIGNMENT OF ERROR NO. II THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TOWITHDRAW HIS GUILTY PLEA.
 {¶ 21} Brown argues, in his second assignment of error, that there was a manifest injustice in his case, and thus, he should have been permitted to withdraw his guilty plea. Specifically, Brown maintains that his trial counsel and his first appellate counsel were ineffective. In addition, Brown argues that the trial court erred by applying the wrong standard of law to his motion when it found the motion was a motion for postconviction relief.
 {¶ 22} Crim. R. 32.1 provides, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A Crim. R. 32.1 motion is "addressed to the sound discretion of the trial court, and the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court." State v. Reed, 7th Dist. No. 04 MA 236,2005-Ohio-2925, ¶ 7, quoting State v. Smith (1977), 49 Ohio St.2d 261,361 N.E.2d 1324, paragraph two of the syllabus. A defendant "seeking to withdraw a guilty plea after sentence has been imposed" bears the "burden of demonstrating a `manifest injustice.'" State v. Leugers, 3d Dist. No. 1-05-90, 2006-Ohio-6928, ¶ 9, citing *Page 10 Smith, 49 Ohio St.2d at paragraph one of the syllabus. Manifest injustice has been defined by this Court as "a `clear or openly unjust act.'" Id., quoting State v. Walling, 3d Dist. No. 17-04-12,2005-Ohio-428, ¶ 6. "[A] postsentence withdrawal of a guilty plea is only available in `extraordinary cases.'" Id., citing Smith,49 Ohio St.2d at 264.
 {¶ 23} An appellate court reviews a trial court's decision of whether the defendant has established a manifest injustice under an abuse of discretion standard. Id. at ¶ 10, citing Smith, 49 Ohio St.2d at paragraph two of the syllabus. An abuse of discretion implies that the trial court's judgment was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, citations omitted.
 {¶ 24} The trial court found that the motion was a postconviction motion, which was not timely filed, and that the trial court was without jurisdiction to entertain the pleading. However, we disagree.
 {¶ 25} In State v. Bush, the Ohio Supreme Court stated: "* * * R.C. 2953.21 and 2953.23 do not govern a Crim. R. 32.1 postsentence motion to withdraw a guilty plea. Postsentence motions to withdraw guilty or no contest pleas and postconviction relief petitions exist independently. A criminal defendant can seek under Crim. R. 32.1 to withdraw a plea after the imposition of sentence." 96 Ohio St.3d 235, 2002-Ohio-3993,773 N.E.2d 522, ¶ 14. In *Page 11 
addition, the Ohio Supreme Court stated that R.C. 2953.21 and R.C. 2953.23, the postconviction relief statutes, "do not govern the timeliness" of a Crim. R. 32.1 motion to withdraw a guilty plea and that Crim. R. 32.1 does not provide a time limitation. Id.
 {¶ 26} Accordingly, we find that the trial court erred when it considered Brown's Crim. R. 32.1 motion as a postconviction relief petition, and found the motion untimely. However, "[a] judgment by the trial court which is correct, but for a different reason, will be affirmed on appeal as there is no prejudice to the appellant."Bonner v. Bonner, 3d Dist. No. 14-05-26, 2005-Ohio-6173, ¶ 18, citingLust v. Lust, 3d Dist. No. 16-02-04, 2002-Ohio-3629, ¶ 32, citingSmith v. Flesher (1967), 12 Ohio St.2d 107, 110, 233 N.E.2d 137. Thus, we must still determine whether Brown's postsentence motion to withdraw his guilty plea should have been granted.
 {¶ 27} Brown argues that his motion to withdraw his guilty plea should have been granted because he was provided ineffective assistance of both trial counsel and his first appellate counsel. Specifically, Brown argues that his trial counsel was ineffective because: (1) trial counsel only met with him on three occasions for no more than twenty minutes each visit; (2) trial counsel did not inform him about recent judicial decisions dealing with child pornography; (3) trial counsel did not inform him that a confession alone was insufficient, and that *Page 12 
there must be some separate evidence that a crime had occurred; and (4) trial counsel's factual and legal investigation was lacking.
 {¶ 28} "It is well-settled that in order to establish a claim of ineffective assistance of counsel, appellant must show two components: (1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defense." State v. Price, 3d Dist. No. 13-05-03, 2006-Ohio-4192, ¶ 6, citing State v. Kole (2001), 92 Ohio St.3d 303, 306, 750 N.E.2d 148, citing Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674. "To warrant reversal, the appellant must show that there is a reasonable probability that, but for counsel's performance, the result of the proceeding would have been different." Id., citingStrickland, 466 U.S. at 694. To establish prejudice when ineffective assistance of counsel relates to a guilty plea, a defendant must show there is a reasonable probability that but for counsel's deficient or unreasonable performance the defendant would not have pled guilty. SeeState v. Xie, 62 Ohio St.3d 521, 524, 584 N.E.2d 715, citing Hill v.Lockhart (1985), 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.E.2d 203;Strickland, 466 U.S. at 687.
 {¶ 29} "Under the doctrine of res judicata a defendant cannot raise an issue in a motion for post-conviction relief if he or she could have raised, or did raise, the issue on direct appeal." State v. Ybarra, 3d Dist. No. 12-05-05, 2005-Ohio-4913, *Page 13 
¶ 7-8, citing State v. Reynolds (1997), 79 Ohio St.3d 158, 161,679 N.E.2d 1131. The doctrine of res judicata has been applied to motions to withdraw a guilty plea. Reed, 2005-Ohio-2925, at ¶ 11, citations omitted.
 {¶ 30} In the present case, Brown was represented by different counsel on appeal from the counsel that represented him when he pled. Brown's claims of ineffective assistance of trial counsel could have been raised during his direct appeal. Thus, Brown's claims of ineffective assistance of trial counsel are barred by the doctrine of res judicata. However, even if Browns' claims were not barred by res judicata, the trial court properly denied his motion as he has failed to demonstrate a manifest injustice.
 {¶ 31} While Brown's affidavit states that he met with Attorney Parsons three times for a total of one hour during his representation, Parsons testified at the hearing that he believed that he met with Brown four times and the meetings lasted between a half hour and an hour. (Brown's Aff at ¶ 6); (Tr. 12/5/07 at 12). The amount of time that Brown's trial counsel spent with him does not indicate, by itself, whether trial counsel was ineffective.
 {¶ 32} Brown maintains that trial counsel was ineffective because he failed to inform him that a confession alone was insufficient and there must be some evidence of a crime. *Page 14 
 {¶ 33} Brown is correct that in order to admit a confession there must be some evidence of a crime. See State v. Kesler, 3d Dist. No. 13-06-09,2006-Ohio-6340, ¶ 39, quoting State v. Maranda (1916), 94 Ohio St. 364,114 N.E. 2d 1038, paragraph two of the syllabus (there must be "`some evidence outside of the confession that tends to prove some material element of the crime charged[,]' i.e. the corpus delicti.").
 {¶ 34} However, the "burden on the prosecution to show corpus delecti is minimal." Id. at ¶ 40, citing State v. Van Hook (1988),39 Ohio St.3d 256, 261. There must be some evidence "tending to prove the fact that a crime was committed." Id., citing Maranda, 94 Ohio St. at 371. Circumstantial evidence may be relied upon to show corpus delicti. Id., citations omitted.
 {¶ 35} There were two video tapes providing circumstantial evidence that a crime was committed, and circumstantial evidence is sufficient to provide the corpus delecti. Since the doctrine does not apply in this case, Brown's trial counsel could not be ineffective for not informing him that a confession alone was insufficient.
 {¶ 36} Further, Brown maintains that his trial counsel's factual and legal investigation was lacking. Brown argues that trial counsel failed to review the police interview tape and failed to perform any legal research or independent investigation into the facts. In addition, Brown states that the "complainant *Page 15 
depicted in the video was medically and psychologically determined to not have been a victim of any sexual abuse." (Appellant's Brief at 15). Brown maintains that if he had known about the pending charges and his potential defenses, he would not have pled guilty.
 {¶ 37} Parsons testified that he went to the sheriffs office, reviewed the videos, read the transcript of the police interview, and went over the transcript with Brown. (Tr. 12/5/07 at 15, 17). Parsons testified that he went through the discovery packet with Brown, told Brown what his options were, and Brown decided to plead guilty. (Tr. 12/5/07 at 14).
 {¶ 38} Although Brown's trial counsel did not watch a tape of the police interview and did not interview any witnesses or experts, Brown's trial counsel did assist him in this case. Trial counsel reviewed the discovery of the case, the transcript of the police interview, discussed the discovery packet with Brown, and informed Brown of his options. Thus, trial counsel did conduct an investigation into the charges against Brown.
 {¶ 39} Brown also maintains that his trial counsel did not correctly characterize the United States Supreme Court's decision in Ashcroft v.Free Speech Coalition (2002), 535 U.S. 234, because the holding was not about "authentication of video images, but the ban on virtual child pornography's unconstitutionality under the First Amendment." (Appellant's Brief at 18). *Page 16 
 {¶ 40} However, the Ashcroft decision is not applicable in the present case. The charges included in the present indictment could not possibly have involved virtual child pornography as it involved acts performed by Brown on a child and transmitted to others by use of the webcam. In addition, Brown's trial counsel did inform him that the prosecution would have to prove that the child pornography images on his computer (which Brown had not yet been charged with) were real images, and the prosecution would have some difficulty with proof. (Tr. 12/5/07 at 21). Accordingly, Brown's trial counsel could not be ineffective in this regard.
 {¶ 41} After reviewing the record, we find that Brown has failed to establish manifest injustice, which would warrant the withdrawal of his guilty plea based on ineffective assistance of trial counsel.
 {¶ 42} Brown also argues that he could not have knowingly, intelligently, and voluntarily waived his constitutional rights because he had no indication that there were legal defenses available and was not provided proper consultation by counsel.
 {¶ 43} This Court has previously addressed these arguments in finding that Brown failed to establish a manifest injustice justifying the withdrawal of his guilty plea. Similarly, Brown did not establish these issues prevented him from entering a knowing, intelligent, and voluntary guilty plea. *Page 17 
 {¶ 44} Finally, Brown maintains that his appellate counsel was ineffective. Brown argues that after pressure from appellant counsel, he conceded that he was precluded from raising an appeal based on his previous plea which contained a waiver of appellate rights. Brown maintains that his appellate counsel only reviewed a letter from the prosecutor and a copy of the plea agreement "of which appellate counsel could not determine based upon his legal knowledge and skill that the claim of ineffective assistance of counsel was not in fact waived by the client." (Appellant's Brief at 22). Specifically, Brown argues that appellate counsel never requested the file, never disclosed to him that he could pursue ineffective assistance of trial counsel on appeal, and never discussed potential defenses, which he may have raised in his appeal allowing Brown to go outside the waiver of his appellate rights.
 {¶ 45} Brown's counsel discussed the plea agreement that was executed with him, and the potential consequences of pursuing an appeal which "would have been the voiding of the plea agreement and the indictment of Mr. Brown on additional charges." (Tr. 12/5/07 at 53). The additional charges would have been based on material found on Brown's computer.
 {¶ 46} In order to establish ineffective assistance, Brown would have to show that the conduct of his appellate counsel was deficient or unreasonable under the circumstances. Price, 2006-Ohio-4192, at ¶ 6, citing Kole, *Page 18 92 Ohio St.3d at 306, citing Strickland, 466 U.S. at 687. However, Brown has been unable to establish that his appellate counsel's representation was either deficient or unreasonable under the circumstances. Appellate counsel informed Brown about the consequences of pursuing an appeal, and Brown chose to dismiss his appeal.
 {¶ 47} After reviewing the record, we hold that Brown has been unable to establish a manifest injustice which would warrant the withdrawal of his guilty plea.
 {¶ 48} Brown's second assignment of error is, therefore, overruled.
 {¶ 49} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed
 WILLAMOWSKI and ROGERS, J.J., concur. *Page 1