OPINION *Page 2 
{¶ 1} Defendant-appellant Markane Raleigh appeals the May 9, 2008 Judgment Entry of the Licking County Court of Common Pleas denying his motion to withdraw plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 29, 2006, Appellant was arrested and charged with operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(1)(d), and failure to dim headlights in violation of R.C. 4513.15.
 {¶ 3} On October 17, 2006, appellant filed a motion to suppress.
 {¶ 4} At the suppression hearing, Trooper Sean Eitel of the Ohio State Highway Patrol testified he observed appellant operating a vehicle in Licking County, Ohio on Mink Street and U.S. Route 40 at approximately 2:45 a.m. on September 29, 2006. Trooper Eitel testified he observed Appellant fail to dim his high beams as the patrol vehicle passed by Appellant's vehicle in the opposite direction. The trooper then turned his vehicle around and caught up with Appellant. The trooper observed Appellant operating his vehicle on U.S. Route 40. The trooper testified he observed Appellant's vehicle traversing over the right fog line and changing lanes without signaling. The officer turned on his overhead and takedown lights at which time Appellant crossed over to the opposite direction lanes and into a private driveway. The driveway was the property of the passenger in Appellant's vehicle.
 {¶ 5} Trooper Eitel, upon initial contact with Appellant, noticed a strong odor of an alcoholic beverage coming from the vehicle. Appellant also exhibited bloodshot eyes *Page 3 
and was slow and deliberate in his movements. He admitted to consuming some alcohol. Appellant was then asked to perform the standardized field sobriety tests. Trooper Eitel testified he performed these tests in accordance with his training and the NHTSA manual, 2000 edition, upon which his training was based. Appellant failed all three tests, and subsequently submitted to a portable breath test.
 {¶ 6} Appellant was placed under arrest and transported to the Licking County Sheriff's Department for breath testing. A breath test yielded a blood alcohol content of .141%. Deputy Sheriff Aaron Doelker, a senior operator on the BAC Datamaster, testified at the suppression hearing all the past calibration results are recorded and kept in a file adjacent to the machine for three years.
 {¶ 7} Via Judgment Entry filed on January 19, 2007, the trial court overruled Appellant's motion to suppress. On February 5, 2007 Appellant entered pleas of no contest to OVI in violation of R.C. 4511.19(A)(1) and to failing to dim headlights, in violation of R.C. 4513.15.
 {¶ 8} Appellant filed an appeal with this Court, and via Judgment Entry of October 15, 2007 this Court affirmed the trial court judgment entry.
 {¶ 9} On April 10, 2008, Appellant filed a motion to withdraw his no contest plea based upon the testimony of Deputy Sheriff Doelker at a suppression hearing in State v. Dimitri Hatzimbes, Licking Co. Municipal Court Case No. 07-TRC-07470, relative to the proper working condition of the breath alcohol instrument upon which Appellant was tested and the retention of test results as required by Ohio Administrative Code Sections 3701-53-01(A) and 3701-53-04(E). *Page 4 
 {¶ 10} On May 9, 2008, the trial court denied Appellant's motion to withdraw his plea, without conducting an evidentiary hearing. The trial court imposed sentence on May 23, 2008.
 {¶ 11} Appellant now appeals, assigning as error:
 {¶ 12} "I. THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION TO WITHDRAW HIS NO CONTEST PLEA DUE TO THE FAILURE TO CORRECT A MANIFEST INJUSTICE.
 {¶ 13} "II. THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD AN EVIDENTIARY HEARING BEFORE RULING ON DEFENDANT'S MOTION TO WITHDRAW HIS NO CONTEST PLEA."
 I {¶ 14} Crim. R. 32.1 provides, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Manifest injustice has been defined by this Court as "a `clear or openly unjust act.'" State v. Leugers, 3d Dist. No. 1-05-90,2006-Ohio-6928, ¶ 9, quoting State v. Walling, 3d Dist. No. 17-04-12,2005-Ohio-428, ¶ 6.
 {¶ 15} A Criminal Rule 32.1 motion is "addressed to the sound discretion of the trial court, and the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court." State v. Reed, 7th Dist. No. 04 MA 236, 2005-Ohio-2925, ¶ 7, citing State v. Smith (1977),49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus. Notably, a post-sentence *Page 5 
withdrawal of a guilty plea is only available in "extraordinary cases."Smith, 49 Ohio St .2d at 264. We believe the case sub judice presents one of those extraordinary cases.
 {¶ 16} A defendant seeking withdrawal of his no contest pleas has the burden of proof. State v. Totten, 10th Dist. Nos. 05AP-278, 05AP-508,2005-Ohio-6210, ¶ 5. An appellate court will not reverse the trial court's decision on a motion to withdraw a no contest plea absent an abuse of discretion. Id., citing State v. Nathan (1995),99 Ohio App.3d 722, 725, 651 N.E.2d 1044. An appellate court reviews the denial of a post-conviction relief motion under an abuse of discretion standard as well. State v. Wyerick, 3d Dist. No. 10-07-23, 2008-Ohio2257, ¶ 13, citing State v. Jones, 3d Dist. No. 4-07-02, 2007-Ohio-5624, ¶ 16;State v. Campbell, 10th Dist. No. 03 AP-147, 2003-Ohio-6305; State v.Calhoun (1999), 86 Ohio St.3d 279, 284, 714 N.E.2d 905. An abuse of discretion implies that the trial court's judgment was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 17} Appellant entered a plea of no contest to operating a vehicle intoxicated, in violation of R.C. 4511.19(A)(1)(d), which reads:
 {¶ 18} "(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:
 {¶ 19} "(d) The person has a concentration of eight-hundredths of one gram or more but less than seventeen-hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath."
 {¶ 20} Ohio Administrative Code Section 3701-53-04, provides in pertinent part: *Page 6 
 {¶ 21} "(A) A senior operator shall perform an instrument check on approved evidential breath testing instruments and a radio frequency interference (RFI) check no less frequently than once every seven days in accordance with the appropriate instrument checklist for the instrument being used. The instrument check may be performed anytime up to one hundred and ninety-two hours after the last instrument check.
 {¶ 22} "(1) The instrument shall be checked to detect RFI using a hand-held radio normally used by the law enforcement agency. The RFI detector check is valid when the evidential breath testing instrument detects RFI or aborts a subject test. If the RFI detector check is not valid, the instrument shall not be used until the instrument is serviced.
 {¶ 23} "(2) An instrument shall be checked using an instrument check solution containing ethyl alcohol approved by the director of health. An instrument check result is valid when the result of the instrument check is at or within five one-thousandths (0.005) grams per two hundred ten liters of the target value for that instrument check solution. Aninstrument check result which is outside the range specified in thisparagraph shall be confirmed by the senior operator using another bottleof approved instrument check solution. If this instrument check resultis also out of range, the instrument shall not be used until theinstrument is serviced.
 {¶ 24} "* * *
 {¶ 25} "(E) Results of instrument checks, calibration checks and records of service and repairs shall be retained in accordance with paragraph (A) of rule 3701-53-01 of the Administrative Code." *Page 7 
 {¶ 26} (Emphasis added).
 {¶ 27} Section 3701-53-01 states:
 {¶ 28} "Techniques or methods
 {¶ 29} "(A) Tests to determine the concentration of alcohol may be applied to blood, breath, urine, or other bodily substances. Results shall be expressed as equivalent to:
 {¶ 30} "(1) Grams by weight of alcohol per one hundred milliliters of whole blood, blood serum or plasma (grams per cent by weight);
 {¶ 31} "(2) Grams by weight of alcohol per two hundred ten liters of deep lung breath;
 {¶ 32} "(3) Grams by weight of alcohol per one hundred milliliters of urine (grams per cent by weight).
 {¶ 33} "The results of the tests shall be retained for not less than three years.
 {¶ 34} "(B) At least one copy of the written procedure manual required by paragraph (D) of rule 3701-53-06 of the Administrative Code for performing blood, urine, or other bodily substance tests shall be on file in the area where the analytical tests are performed.
 {¶ 35} "In the case of breath tests using an approved evidential breath testing instrument listed in paragraphs (A) and (B) of rule 3701-53-02 of the Administrative Code, the operational manual provided by the instrument's manufacturer shall be on file in the area where the breath tests are performed."
 {¶ 36} (Emphasis added.) *Page 8 
 {¶ 37} Appellant argues his plea of no contest was based on untruthful testimony offered by Deputy Doelker rendering his conviction a manifest injustice which should warrant the withdraw of the plea.
 {¶ 38} Deputy Doelker testified at the suppression hearing in the case sub judice:
 {¶ 39} "Q. And has that machine changed since your employment with the Sheriff's Office?
 {¶ 40} "A. Not to my knowledge, no.
 {¶ 41} "Q. Okay, as far as you know it's been the same machine the entire time?
 {¶ 42} "A. Yes.
 {¶ 43} "Q. Okay, and do you know located in that room is there an Operating Manual for the machine where the machine is located?
 {¶ 44} "A. There is. Yes sir.
 {¶ 45} "Q. Where is that manual kept?
 {¶ 46} "A. The BAC machine sits on the desk and it's in the desk drawer in the middle.
 {¶ 47} "Q. Okay. Now deputy, referring to I believe what for you is marked as "3-C", take a look at that. What are those, deputy?
 {¶ 48} "A. These would be tests for the calibration test tickets that come out.
 {¶ 49} "Q. Okay, simply referring to one of those tickets, are you able to tell what the serial number located at the Sheriff's Department is?
 {¶ 50} "A. I am. It's printed on both tickets.
 {¶ 51} "Q. Okay, what is that serial number?
 {¶ 52} "A. 950419. *Page 9 
 {¶ 53} "Q. Okay, deputy you say you calibrate usually on a weekly basis, is that correct?
 {¶ 54} "A. Sometimes other deputies help me with it.
 {¶ 55} "Q. Okay, the other deputies do help with the calibration of the machine?
 {¶ 56} "A. Correct.
 {¶ 57} "Q. Are any records about the calibration that you and other deputies have done maintained by the department?
 {¶ 58} "A. There are. We keep them for three years.
 {¶ 59} "Q. Where are those kept?
 {¶ 60} "A. In a file cabinet next to the machine.
 {¶ 61} "Q. Okay, and those include all the past calibration checks, is that correct? For three years?
 {¶ 62} "A. Yes sir.
 {¶ 63} "Q. Does it also include maintenance logs in regards to the machine?
 {¶ 64} "A. As far as I know, yes.
 {¶ 65} "Q. Okay, and do you know if those records are otherwise maintained in accordance with the Ohio Department of Health rules?
 {¶ 66} "A. As far as I know."
 {¶ 67} Transcript at 58-59.
 {¶ 68} On December 4, 2007, Deputy Doelker testified in a suppression hearing in the case of State v. Dimitri Hatzimbes involving the same breath testing instrument. In Hatzimbes, Deputy Doelker testified no records of instrument check results which indicated the results were outside the acceptable limits were retained; rather, he threw *Page 10 
those out. Specifically, Doelker testified he discarded print-outs of instrument check results outside the required .005 tolerance level for the target value of the solution for two years prior to the hearing date of December 4, 2007.
 {¶ 69} In Hatzimbes, the trial court determined the procedure was in direct conflict with Ohio Department of Health Regulation 3701-53-01 (A) and 3701-53-04(E) and suppressed the results of the BAC Datamaster test.
 {¶ 70} Appellant asserts Deputy Doelker's testimony in the case ofState v. Hatzimbes is in direct opposition to his testimony in Appellant's case stating all records of calibrations for the past three years were kept on file.
 {¶ 71} In addition, in Hatzimbes, Deputy Doelker testified the same bottle of calibration solution is used when an instrument check result is outside the range specified, in violation of OAC 3701-53-04(A)(2). The fact the same bottle of solution was used for subsequent instrument checks after an instrument check result was out of tolerance was a second ground for suppressing the test results in Hatzimbes.
 {¶ 72} We believe the foregoing established a manifest injustice occurred with respect to Appellant's suppression hearing. Because Appellant's no contest plea was the result of that decision we believe justice manifestly requires Appellant's plea be permitted to be withdrawn.
 {¶ 73} Appellant's first assignment of error is sustained.
 II {¶ 74} In light of our disposition of Appellant's first assignment of error, any discussion of this assignment of error is moot. *Page 11 
 {¶ 75} The judgment of the trial court is reversed and the matter remanded to that court for further proceedings in accordance with this opinion and the law.
 Hoffman, P.J., Farmer, J. and Delaney, J. concur. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, we reverse the judgment of the trial court, and remand the matter for further proceedings in accordance with the law and this opinion. Costs assessed to State. *Page 1